813 F.2d 1228
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Robert JAMES, Petitioner-Appellant,
v.
STATE OF MARYLAND, Respondent-Appellee.
 No. 86-6693.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 30, 1987.
Decided March 6, 1987.
 
 Before PHILLIPS, MURNAGHAN and SPROUSE, Circuit Judges.
 Robert James, appellant pro se.
 Stephen Howard Sachs, Attorney General, Deborah Koss Chasanow, Mary Ellen Barbera, Office of the Attorney General of Maryland, for appellee.
 PER CURIAM:
 
 
 1
 Robert James, a Maryland inmate, seeks to appeal the judgment of the district court dismissing his petition for a writ of habeas corpus brought pursuant to 28 U.S.C. Sec. 2254. We dismiss the appeal.
 
 
 2
 James was convicted in 1939, after a jury trial, of first degree murder. After filing a number of state post-conviction petitions, James filed the underlying federal petition. In his petition, James alleged:
 
 
 3
 (1) his first state post-conviction counsel was ineffective;
 
 
 4
 (2) he was not present at bench conferences during individual voir dire of prospective jurors;
 
 
 5
 (3) prospective jurors were not questioned during voir dire as to racial bias, as requested by counsel; and
 
 
 6
 (4) the trial court failed to consider suspension of part of his life sentence.
 
 
 7
 James' first allegation, attacking a state collateral proceeding, is dismissed on the basis that it does not directly dispute the fact or duration of his confinement and therefore is not cognizable in a federal habeas corpus proceeding. See Kirby v. Dutton, 794 F.2d 245, 248 (6th Cir 1986); see also Stokley v. Maryland, 301 F.Supp. 653, 657 (D.Md.1969). Alternatively, to the extent the claim is an attempt to show cause for James' failure to advance these claims in earlier state proceedings, it is without merit because James' other three claims are without merit. James cannot, therefore, show the requisite prejudice. See Wainwright v. Sykes, 433 U.S. 72 (1977).
 
 
 8
 We dismiss James' second and third claims on the grounds that they are bald conclusions unsupported by any facts or other evidence. At the evidentiary hearing held pursuant to James' state post-conviction petition, at which James was represented by counsel, James testified that he remembered three bench conferences with potential jurors who later sat on his jury. He testified further that he did not know what was discussed because his court-appointed attorney never told him. The transcript of the voir dire of individual panel members, which is attached to respondent's answer to the petition, offers no support for James' allegation. The transcript does not indicate that any bench conferences with jurors were held. James had a fair hearing and opportunity, pursuant to his state petition, to prove this claim and could offer nothing more than his own testimony that bench conferences were held and that he did not attend them. This is not enough to entitle him to habeas corpus relief.
 
 
 9
 James' third allegation suffers from similar deficiencies. There is no support in the record for this claim. Usually, there should be some racial overtone to a case before the omission of questioning concerning racial bias will be said to implicate constitutional protections. See Rosales-Lopez v. United States, 451 U.S. 182 (1981); Ristaino v. Ross, 424 U.S. 589 (1976). The Supreme Court has held, however, that a capital defendant is entitled to questioning on racial bias in cases of interracial crime. See Turner v. Murray, --- U.S. ----, 54 U.S.L.W. 4411 (April 30, 1986).
 
 
 10
 In James' case, as in Turner, the state sought the death penalty. Unlike Turner, both James and his victim were of the same race. The transcript of the voir dire reveals that James' trial counsel did ask one prospective juror whether James' race would influence the juror's attitude toward the case. The record, however, reveals no impediments to such questioning placed on James' counsel by the court. Nor does the record indicate any request for such questioning directed to the court by trial counsel. It appears that counsel was free to explore racial bias but chose not to do so in any great detail.
 
 
 11
 James' final claim is equally meritless. At the time that James was sentenced in 1939 the trial court could have sentenced him to death or to a term of life imprisonment. The trial judge exercised his discretion and imposed a life sentence. The authority of the trial court to suspend a portion of the life sentence was not recognized by the Maryland courts until 1970, or 31 years after James' sentencing proceeding. See State v. Wooten, 277 Md. 114 (1976); Md.Ann. Code Article 27, Sec. 641A. James' sentence in 1939 was proper under Maryland law as it existed at that time. Absent a claim of cruel and unusual punishment in violation of the Constitution of the United States, the sentence involved only a question of state law. Such state law questions, not involving federal constitutional protections, are not cognizable under 28 U.S.C. Sec. 2254. See Grundler v. North Carolina, 283 F.2d 798 (4th Cir.1960).
 
 
 12
 Because the dispositive issues recently have been decided authoritatively, we deny a certificate of probable cause to appeal, dispense with oral argument, and dismiss the appeal.
 
 
 13
 DISMISSED.