## JOHN ALSTON v. STATE OF MARYLAND

[No. 142, September Term, 1975.]

*Decided January 29, 1976.*

The cause was submitted on briefs to MORTON, MENCHINE and MASON, JJ.

Submitted by *Alan J. Bloom, Assigned Public Defender,* for appellant.

Submitted by *Francis B. Burch, Attorney General, Gilbert H. Robinette, Assistant Attorney General, William A. Swisher, State's Attorney for Baltimore City,* and *Joseph Lyons, Assistant State's Attorney for Baltimore City,* for appellee.

MASON, J., delivered the opinion of the Court.

This is an appeal from a robbery conviction and subsequent ten-year sentence entered against the appellant,

John Alston, in the Criminal Court of Baltimore, Judge Harry Cole presiding in a jury trial.

Two questions are raised on appeal: (1) did the trial court err in requiring the appellant to submit, at the time of trial, to a fingerprint analysis, and (2) did the trial court err in refusing to grant the appellant's motion for a judgment of acquittal.

Mrs. Mary Buckley, the victim, was sitting in the living room of her Baltimore City home when two boys entered her home and tied her to a chair. She knew one of the boys as Tyrone Bonner, but she did not know the other individual. The boys took several items including a stereo, an electric saw, her wallet and cigarette lighter. The victim testified that one of the boys threw her bank book across the floor. She indicated the second boy who robbed her (the one who she did not know) looked like the appellant and he was the one to handle the bank book. She also testified that the appellant had never been in her home before. Another witness for the State identified the appellant as one of the boys fleeing from the victim's house. Tyrone Bonner testified that the appellant entered the victim's home at the time of the robbery, but he remained in the yard. A fingerprint expert indicated that the fingerprint on the plastic cover of the bank book matched the left thumb print of a known print of the appellant. At this point a dispute arose as to whether the fingerprints on the matching card were actually those of the appellant. The State requested that the expert be allowed to take the appellant's fingerprints. Over objection, the trial court ruled that the appellant's fingerprints could be taken during a recess. The appellant's left thumbprint was then taken, out of the presence of the jury. Ms. Talmadge stated that the fingerprint she took from the appellant during the recess matched the known fingerprint of the appellant. The appellant denied any participation in the robbery and claimed he had been in the victim's home on a previous occasion.

The appellant contends that being required to submit to

fingerprinting during his trial, even though out of the presence of the jury, was improper as it forced him to incriminate himself. The answer to this contention is that there is no constitutional prohibition against compelling an accused to submit to fingerprinting. *Musgrove v. State,* 3 Md. App. 54 (1968); *United States v. Rundle,* 266 F. Supp. 173 (E. D. Pa. 1967), aff'd, 384 F. 2d 997 (3rd Cir. 1967), *cert. denied,* 393 U. S. 860, 89 S. Ct. 138 (1968).

The appellant also contends that the trial court erred in denying his motion for a judgment of acquittal at the conclusion of all the evidence. We disagree. There was ample evidence which showed directly, or supported rational inferences of facts, from which the jury could fairly be convinced beyond a reasonable doubt, of the appellant's guilt, *Cousins v. State,* 18 Md. App. 552 (1973). The trial court did not err in denying the appellant's motion for a judgment of acquittal.

*Judgment affirmed.*