STATE OF MARYLAND *v.* WOOTEN

[No. 87, September Term, 1975.]

*Decided March 2, 1976.*

The cause was argued before SINGLEY, SMITH, DIGGES, LEVINE, ELDRIDGE and O'DONNELL, JJ., and ALBERT P. CLOSE, Associate Judge of the Third Judicial Circuit, specially assigned.

*John A. Austin, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Sandra A. O'Connor, State's Attorney for Baltimore County,* and *Michael B. Sauer, Assistant State's Attorney for Baltimore County,* on the brief, for appellant.

*Russell J. White* for appellee.

DIGGES, J., delivered the opinion of the Court.

The issue we face in this criminal cause is whether a trial court had the power to suspend the execution of a portion of a life sentence it imposed following a conviction for murder in the first degree when the only penalty then authorized for that crime under Maryland law was imprisonment for life. Based on the language employed in the pertinent statutes, we conclude the General Assembly intended to answer that question in the affirmative; consequently, we find nothing improper in the trial court's suspension of all but the first eight years of the life sentence it imposed in this case.

The respondent Marcianna Wooten, indicted on April 23, 1973, for the murder of her husband two weeks earlier, was convicted on May 15, 1974, of murder in the first degree in a nonjury trial before Judge John E. Raine, Jr., in the Circuit Court for Baltimore County. Although the court meted out life imprisonment, which it characterized as "the mandatory sentence," it suspended the serving of all but the first eight years. The State objected, contending that the court was without authority to suspend any portion of the term, and thereupon filed a motion pursuant to Maryland Rule 764 a to correct what it asserted was an illegal sentence.[1] This motion was denied and, on appeal by the State, the Court of Special Appeals ruled that Judge Raine's action was permissible. *State v. Wooten,* 27 Md. App. 434, 340 A. 2d 308 (1975). We granted certiorari and now affirm the judgment of the Court of Special Appeals.

Preliminarily we must consider a jurisdictional matter, Wooten's contention that the petitioner, the State, has no right to initiate this appeal. While recognizing that this Court, in *State ex rel. Sonner v. Shearin,* 272 Md. 502, 526, 325 A. 2d 573 (1974), decided that under Maryland Code (1957, 1968 Repl. Vol.), Art. 5, § 14 [2] the State was permitted

---

1. Maryland Rule 764 a provides that "[t]he court may correct an illegal sentence at any time."

2. Pursuant to this section, "The State may appeal to the Court of Special Appeals from a final order or judgment granting a motion to dismiss, or quashing or dismissing any indictment, information, presentment or inquisition in a criminal action . . . ."

to appeal from a trial court's denial of a motion to correct an illegal sentence, the respondent asserts that such appeals were prohibited when that provision was reworded at the time it was reenacted as Code (1974), Courts and Judicial Proceedings Article, §§ 12-301 and 12-302.[3] However, because the crime in this case, as in *Sonner*, was committed prior to January 1, 1974, the effective date of the Courts and Judicial Proceedings Article, Laws of Maryland 1973, First Extraordinary Session, ch. 2, §§ 18 and 21, the applicable law in this case is Art. 5, § 14. *State ex rel. Sonner v. Shearin, supra*, 272 Md. at 525-26. Consequently, we are not required to interpret §§ 12-301 and 12-302, but only hold that under Art. 5, § 14 this appeal is proper. *Id.* at 526 & n. 6.

Having determined that this case is rightly before us, we turn to its central issue, the legality of the trial court's suspension of part of the respondent's life sentence. The statutory provision granting Maryland trial judges discretion to suspend sentences is Code (1957, 1971 Repl. Vol.), Art. 27, § 641A, which in pertinent part states:

> "Upon entering a judgment of conviction, the court having jurisdiction, may suspend the imposition or execution of sentence and place the defendant on probation upon such terms and conditions as the courts deem proper. The court may impose a sentence for a specified period and provide that a lesser period be served in confinement, suspend the remainder of the sentence and grant probation for a period longer than the sentence but not in excess of five years."

The State, flatly asserting that "[t]here is nothing in the language of Section 641A to indicate whether it should apply to a mandatory life sentence . . . ," seems to argue that this section is inapplicable to sentences it does not explicitly

---

**3.** Section 12-301 states: "Except as provided in § 12-302, a party may appeal from a final judgment entered in a civil or criminal case by a circuit court. . . ." The pertinent exception, § 12-302 (c), provides: "In a criminal case, the state may appeal only from a final judgment granting a motion to dismiss or quashing or dismissing any indictment, information, presentment, or inquisition in a criminal case."

mention. We find this contention somewhat incredible since § 641A does not in any manner attempt to list the sentences to which it applies, but rather, in clear, unambiguous and unqualified language, bestows upon courts the power to suspend completely or partially any and all sentences over which they have jurisdiction. Consequently, unless limited by some other provision of law, § 641A plainly permits a court to suspend a "mandatory" life sentence.

The petitioner responds to this, however, by asserting that the General Assembly signified in Code (1957, 1971 Repl. Vol.), Art. 27, § 413, the provision under which Wooten was sentenced, that sentences imposed for first degree murder may not be suspended. At the time the crime of which the respondent was convicted took place, § 413 read:

> "Every person convicted of murder in the first degree, his or her aiders, abettors and counsellors, shall suffer death, or undergo a confinement in the penitentiary of the State for the period of their natural life, in the discretion of the court before whom such person may be tried; provided, however, that the jury in a murder case who render a verdict of murder in the first degree, may add thereto the words 'without capital punishment,' in which case the sentence of the court shall be imprisonment for life, and in no case where a jury shall have rendered a verdict in manner and form as hereinbefore prescribed, 'without capital punishment,' shall the court in imposing the sentence, sentence the convicted party to pay the death penalty." [4]

As we read it, there is simply nothing in this section which in any way indicates that a sentence imposed under it is to

---

4. This Court, in Bartholomey v. State, 267 Md. 175, 184, 297 A. 2d 696 (1972), held the death penalty portion of this section to be unconstitutional and thus, at the time the respondent committed the offense, the only punishment authorized for first degree murder was life imprisonment. Although not in effect when Wooten perpetrated the crime, nor applicable to the kind of first degree murder she committed, the death penalty was later reinstated for specified types of first degree murder. Maryland Code (1957, 1976 Repl. Vol.), Art. 27, § 413 (b).

be exempt from the sweep of § 641A. We think it significant that when the General Assembly has desired to preclude the suspension of sentences for a particular type of crime it has had no problem in plainly saying so. For example, Code (1957, 1976 Repl. Vol.), Art. 27, § 36B (e), relating to sentences for handgun offenses, provides that:

> "Notwithstanding any other provision of law to the contrary, including the provisions of § 643 of this article . . . no court shall enter a judgment for less than the mandatory minimum sentence prescribed in this subheading in those cases for which a mandatory minimum sentence is specified in this subheading . . . [and] no court shall suspend a mandatory minimum sentence prescribed in this subheading . . . ." *See State ex rel. Sonner v. Shearin, supra,* 272 Md. at 504.

Similarly, when in 1975 the Legislature rewrote § 413, it provided, in subsection (d), that "A death sentence may not be suspended, and no other penalty in lieu of the death penalty may be imposed upon conviction of . . . murder in the first degree [in] specified [circumstances]." Code (1957, 1976 Repl. Vol.), Art. 27, § 413 (d). Although the section under which Wooten was sentenced contains no equivalent language, the State contends that since death and life imprisonment, the severest of punishments, are the only penalties which the Legislature has ever prescribed for first degree murder, it would contravene that body's intent to permit such sentences to be suspended. We find this reasoning fallacious since, if followed, it would render § 641A inoperative in most, if not all, cases. This is so because if the State's contention is accepted, then whenever the General Assembly provided that upon conviction a defendant should suffer a prescribed penalty it could be successfully argued that a suspension of the sentence would thwart the intent of the Legislature.

The final contention made by the State is that Code (1957, 1971 Repl. Vol., 1975 Cum. Supp.), Art. 41, § 122 (b), which pertains to the parole of those sentenced to life impris-

onment, manifests an intent on the part of the General Assembly not to permit the suspension of sentences imposed pursuant to § 413. Article 41, § 122 (b) provides:

> "No person who has been sentenced to life imprisonment shall be eligible for parole consideration until he shall have served fifteen years or the equal of fifteen years . . . . Prisoners serving terms of life imprisonment shall only be paroled with the approval of the Governor."

The petitioner argues that the only "fair and reasonable construction" of this provision requires a ruling that it alone, to the exclusion of § 641A, applies to any diminution of the time to be served by those sentenced under § 413. With this contention we cannot agree inasmuch as § 641A is directed to the judicial branch of our State government whereas Art. 41, § 122 (b) is addressed to the executive branch. It is simply not illogical to suppose that both of these provisions may govern sentences issued pursuant to § 413. Further, the fact that the Legislature sought to limit the executive branch's power to parole criminals with life sentences does not mean it intended similarly to attenuate the discretion it granted the judicial branch to suspend sentences.

Since we perceive nothing in the language of § 641A, or any other provision of the Code, preventing trial judges, in their discretion, from suspending life sentences imposed under § 413, we hold that Wooten's sentence, including the provision for its partial suspension, is legal.

> *Judgment of the Court of Special Appeals affirmed.*
>
> *Costs to be paid by Baltimore County.*