JOYCE MARCINE WILLIAMSON *v.* STATE
OF MARYLAND

[No. 25, September Term, 1978.]

*Decided January 3, 1979.*

*George E. Burns, Jr., Assistant Public Defender,* with whom was *Alan H. Murrell, Public Defender,* on the brief, for appellant.

*Alexander L. Cummings, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General,* and *Clarence W. Sharp, Assistant Attorney General,* on the brief, for appellee.

MURPHY, C. J., delivered the opinion of the Court.

The appellant was convicted in the Circuit Court for Baltimore County of murder in the first degree, conspiracy to murder, and solicitation of murder. She was sentenced to life imprisonment for murder and to a concurrent five-year term for the merged offenses of conspiracy and solicitation. The Court of Special Appeals reversed the murder conviction. *Williamson v. State,* 36 Md. App. 405, 374 A. 2d 909 (1977). We reversed the judgment of the Court of Special Appeals, thus reinstating the murder conviction, and remanded the case to that court for consideration of appellant's contention that the trial judge failed to exercise discretion when he refused to consider suspending all or part of the life sentence. *State v. Williamson,* 282 Md. 100, 382 A. 2d 588 (1978). The Court of Special Appeals found no merit in the contention and affirmed the judgment in an unreported per curiam opinion.

We granted certiorari to consider whether, as alleged by the appellant, the trial judge affirmatively declined to abide by our decision in *State v. Wooten,* 277 Md. 114, 119, 352 A. 2d 829, 833 (1976), where we held that "nothing in the language of [Art. 27] § 614A . . . prevent[s] trial judges, in their discretion, from suspending life sentences imposed under [Art. 27] § 413 . . . ." The appellant bases her argument upon the following colloquy, which occurred at the time she was sentenced:

> "THE COURT: As far as the murder conviction is concerned, there's no choice. She gets life.
>
> MR. GLASER [defense counsel]: No, Your Honor, there is a choice. You can suspend part of it. I brought the *Wooten* case with me.

THE COURT: I understand that, and I completely disagree with Judge Raine and the Court of Appeals. I think the Legislature said when a person kills somebody else or causes them to be killed, it's life. So as far as I am concerned, the sentence on the murder charge is life. . . .

*  *  *

MR. GLASER: I was going to comment to the Court on the *Wooten* case, but I guess I won't do that either.

THE COURT: No. I have very strong feelings about that."

The appellant argues that the record clearly demonstrates that the trial judge "did nothing more than apply what he considered the applicable legal rule without any consideration of the specific facts or circumstances of the case before him," and that he thereby failed to exercise judicial discretion.

The State contends that the trial court "merely expressed its opinion of disagreement" with *Wooten*, but did not disregard the import of that decision. Relying on the trial judge's words "[s]o far as I am concerned," which he used in the colloquy with defense counsel, the State submits that he impliedly recognized that he had discretion to suspend the life sentence, and that he was exercising that discretion by refusing to suspend the sentence "because he did not feel the facts and circumstances in [this] case warranted such consideration."

Maryland Code (1957, 1976 Repl. Vol.), Art. 27, § 641A, "in clear, unambiguous and unqualified language, bestows upon courts the power to suspend completely or partially any and all sentences over which they have jurisdiction," including the mandatory life sentence imposed upon appellant. *Wooten, id.* at 117, 352 A. 2d at 831. The essence of discretionary power in a trial court is "that the judgment and discretion must be exercised in solving the exact problem of the law, upon all the considerations which properly enter into the problem, and

form it." *Lee v. State,* 161 Md. 430, 441, 157 A. 723, 727 (1931). In *Schneider v. Hawkins,* 179 Md. 21, 25, 16 A. 2d 861, 864 (1940), our predecessors defined "judicial discretion" as "the power of a court to determine a question upon fair judicial consideration with regard to what is right and equitable under the law and the circumstances, and directed by reason and conscience to a just result." *Accord, Saltzgaver v. Saltzgaver,* 182 Md. 624, 635, 35 A. 2d 810 (1944).

We think it evident from the comments of the trial judge that notwithstanding *Wooten* he refused to recognize his discretionary power to suspend the mandatory life sentence or any part of it. In other words, the trial judge did not merely indicate disagreement with *Wooten,* he rejected it. As a consequence, the trial judge did not exercise the discretion that he possessed under *Wooten* despite the appellant's request that he consider suspending part of the life sentence imposed upon her. By precluding any consideration of suspending any part of the life sentence, the trial judge denied appellant's right to a proper exercise of the discretion vested in him. *See State v. Hepple,* 279 Md. 265, 368 A. 2d 445 (1977). A new sentencing hearing is therefore mandated at which the trial judge should consider whether the facts and circumstances of the case warrant the suspension of the life sentence or any part of it.

> *Judgment affirmed, except as to the sentence; sentence vacated and case remanded to the Court of Special Appeals with directions that it remand the case to the Circuit Court for Baltimore County for imposition of a sentence in accordance with the views herein expressed; costs to be paid by the County Council of Baltimore County.*