548 A.2d 183

**Wendell Lamont DAVIS**

v.

**STATE of Maryland.**

**No. 147, Sept. Term, 1988.**

Court of Special Appeals of Maryland.

Oct. 10, 1988.

John L. Calhoun, Assigned Public Defender of Towson (Alan H. Murrell, Public Defender, on the brief), Baltimore, for appellant.

Mary Ellen Barbera, Asst. Atty. Gen. (J. Joseph Curran, Jr., Baltimore, and William R. Hymes, State's Atty. for Howard County, Ellicott City, on the brief), for appellee.

Argued before BISHOP, ROSALYN B. BELL and WENNER, JJ.

ROSALYN B. BELL, Judge.

Wendell Davis was convicted by a jury in the Circuit Court for Howard County of armed robbery. He was sentenced to 20 years for robbery with a deadly weapon of Marvin Terry and 20 years for robbery with a deadly weapon of Barbara Harrison, to be served consecutive to each other and consecutive to sentences he was already serving, namely, 25 years without parole. The court also imposed two concurrent 20–year sentences for use of a handgun in commission of a felony.

Davis contends the court erred

—in allowing the State to introduce evidence of his fingerprint obtained by search warrant after the trial court had ruled its discovery request was untimely, and

—in not imposing a mandatory concurrent sentence under Md.Code Ann. Art. 27, § 643B(c) (1957, 1987 Repl. Vol.).

We find no error and affirm.

Davis was charged with being a participant in an armed robbery of Rockhill Liquors in Ellicott City on the evening of April 4, 1986. During the course of the robbery, a store clerk, Terry, was shot in the arm as he reached for a gun behind the counter. The co-owner of the store, Harrison, was also a victim of the robbery.

Police investigators obtained a fingerprint after dusting a drawer handle behind the counter of the liquor store the evening of the robbery. At trial, the State presented evidence to show that this print matched a print which was obtained from Davis on May 26, 1987, pursuant to a District Court Search and Seizure Warrant.

## THE FINGERPRINT

Appellant was indicted for the robbery in January of 1987. In April of 1987, the State purportedly became aware of the fingerprint that police investigators had obtained from the liquor store drawer, and in May of 1987, a written report of the fingerprint findings was sent to defense counsel. The State requested that appellant submit to fingerprinting in order to obtain a match and a request for discovery pursuant to Rule 4–263(d)(1) was filed by the State on May 8.

> Rule 4–263(e) governing time for discovery provides that "any request by the State for discovery pursuant to section (d) of this Rule *shall* be made within 15 days after the earlier of the appearance of counsel or the first appearance of the defendant before the court...." (Emphasis added.)

The State's request was filed almost three months after appellant's counsel entered his appearance on February 11, and thus did not comport with the time limits set forth in Rule 4–263(e).

Appellant did not comply, asserting that the State's request for discovery was untimely. On May 19, the State filed a motion to compel discovery in order to get the fingerprints, and appellant requested a hearing. At the May 25 hearing, the trial court denied the State's motion to compel discovery, finding that the State was in violation of the Rule 4–263(e) time limit. Later that day, after the jury had been selected and impaneled, defense counsel apprised the trial court that the State had secured a search and seizure warrant from a District Court judge to obtain appellant's fingerprints. Defense counsel moved for a protective order pursuant to Rule 4–263(i), seeking to quash the warrant.

Rule 4–263(i) provides sanctions for discovery rule violations and is set forth below:

> "On motion and for good cause shown, *the court may order that specified disclosures be restricted.* If at any

time during the proceedings the court finds that a party has failed to comply with this Rule or an order issued pursuant to this Rule, *the court may order* that party to permit the discovery of the matters not previously disclosed, strike the testimony to which the undisclosed matter relates, grant a reasonable continuance, prohibit the party from introducing in evidence the matter not disclosed, grant a mistrial, or enter any other order appropriate under the circumstances."

In support of its request for a protective order quashing the warrant, appellant argued that the affidavit in support of the warrant was incomplete because it did not mention either the current proceedings or the trial court's adverse ruling on the State's untimely discovery request. Appellant sought no alternate relief to the protective order. The court refused to quash the warrant, and police officers executed by fingerprinting appellant the morning of May 26.

At the beginning of that day's trial proceedings, defense counsel moved to exclude the fingerprints obtained under the warrant on the additional ground that the judge who signed the warrant was of a different court and did not possess jurisdiction to do so once trial had proceeded before another judge. The court overruled the motion. The State, over objection, introduced this fingerprint evidence in its case-in-chief in order to prove that appellant had been at the scene of the crime. Appellant asserts that the trial court should not have permitted the fingerprint evidence. We disagree and explain.

—The Application—

█ Appellant contends that the application was insufficient to permit the District Court judge to issue the warrant. He apparently concedes that the warrant was supported by ample probable cause. Appellant argues, however, that the warrant was flawed by the omission in the application of the information that his trial had begun and the trial court had ruled against the State on its discovery request.

The warrant need only establish to the satisfaction of the magistrate that there is probable cause to believe that the warrant's execution will produce evidence of a crime. *Illinois v. Gates,* 462 U.S. 213, 236, 103 S.Ct. 2317, 2331, 76 L.Ed.2d 527 (1983). We hold that there was a substantial basis for the magistrate's determination that probable cause existed. *See Best v. State,* 71 Md.App. 422, 426, 526 A.2d 75 *cert. denied,* 311 Md. 20, 532 A.2d 167 (1987), *cert. denied,* —— U.S. ——, 108 S.Ct. 1274, 99 L.Ed.2d 485 (1988). The omitted information did not tend to establish a lack of probable cause. It was, therefore, entirely irrelevant.

—Use of Search and Seizure Warrant—

■ Appellant next contends that, since the State was unable to secure the fingerprint evidence by way of discovery, it was precluded from obtaining that same evidence by the admittedly and equally lawful means of a search and seizure warrant. Accordingly, appellant argues that the trial court should have granted its motion for a protective order under Rule 4–263(i). We do not agree.

Rule 4–263(i) explicitly allows the court discretion by stating in pertinent part that "the court *may* order that specified disclosures be restricted." (Emphasis added.) Whether a sanction is to be imposed, and if so what sanction, is committed to the discretion of the trial judge. The exercise of that discretion does include whether the violation unduly prejudiced the defendant. *Warrick v. State,* 302 Md. 162, 173, 486 A.2d 189 (1985).

Appellant does not contend, nor do we find, that he was prejudiced. He was informed that the State was attempting to obtain the fingerprints and, thus, was not subject to any unfair surprise. The search and seizure warrant is a lawful means to obtain fingerprints. *See Schmerber v. California,* 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966). Moreover, there is no constitutional prohibition against compelling an accused to submit to fingerprinting during trial out of the presence of the jury. *Alston v. State,* 30 Md.App. 72, 74, 352 A.2d 323 (1976). Accordingly,

the trial court did not abuse its discretion in denying appellant's motion.

## —Jurisdiction—

■ Appellant finally argues that, once trial ensues before one judge, all other judges lose jurisdiction to sign the search and seizure warrant. To the contrary, Md.Code Ann. Art. 27, § 551(a) (1957, 1987 Repl.Vol.), which prescribes the circumstances under which search warrants are to be obtained, provides in pertinent part:

> "Whenever it be made to appear to any judge of any of the circuit courts in the counties of this State, or to any judge of the District Court, by written application signed and sworn to by the applicant ... that there is probable cause ... then the judge may forthwith issue a search warrant...."

The trial court correctly denied appellant's motion to quash the search and seizure warrant which in the instance was properly secured by the State. Hence, the trial court committed no error in permitting the State to use the fingerprint evidence at trial.

## THE SENTENCE

The State sought to have appellant sentenced under Art. 27, § 643B(c) to 25 years without parole on one of the two armed robbery convictions. Appellant argued that this Court's decision in *Calhoun v. State*, 46 Md.App. 478, 488–89, 418 A.2d 1241 (1980), *aff'd*, 290 Md. 1, 425 A.2d 1361 (1981) (per curiam), and *Irby v. State*, 66 Md.App. 580, 589, 505 A.2d 552 (1986), *cert. denied*, 308 Md. 270, 518 A.2d 732 (1987), prohibited such a sentence. The trial court agreed, sentencing appellant instead to two consecutive 20–year terms of imprisonment for each of the armed robberies and two concurrent 20–year prison terms for each of the handgun violations. Appellant now argues that the court imposed an illegal sentence because it should have: (1) sentenced him to 25 years without parole under § 643B(c); and (2) ordered that the sentence be served

concurrently with a similar term of incarceration imposed in an unrelated case. This contention is without merit.

The trial court found beyond a reasonable doubt that the State had satisfied its burden of proving the predicate convictions and term of incarceration requisite to sentencing under § 643B. Appellant does not dispute this finding.

In the instant case, the trial court interpreted *Calhoun* and *Irby* to prohibit the mandatory sentencing. The State did not appeal that conclusion.

Appellant now contends that, since the requisites to sentencing under § 643B were met, § 643B(c) mandates a 25–year sentence without parole and no more. In support of this contention, appellant relies on *Loveday v. State,* 296 Md. 226, 462 A.2d 58 (1983), which states that the trial court has no discretion in sentencing under § 643B(c) once the notice requirements of Rule 4–245(c) are met. *Loveday,* 296 Md. at 236–37, 462 A.2d 58. As applied to the instant case, *Loveday* is inapposite.

In *Loveday,* appellant had been offered a plea agreement with a ten-year mandatory maximum sentence which he rejected. The State then sought a mandatory sentence of "not less than 25 years" under § 643B(c). In his appeal, Loveday asserted that the mandatory sentence violated due process under the Maryland Constitution. The Court of Appeals held that the mandatory sentence did not violate the Due Process Clause of the 14th Amendment or Article 24 of the Maryland Declaration of Rights, *Loveday,* 296 Md. at 241, 462 A.2d 58, and required that the minimum sentence be imposed. In *Loveday,* no mention was made of the possibility of a longer sentence being imposed.

Subsection (c) was added to § 643B in 1977 for the purpose of "providing a *minimum mandatory sentence* for certain persons who have been convicted of three violent crimes." 1977 Md.Laws, ch. 678 (emphasis added). Subsection (c) provides in pertinent part that any person meeting the criteria therein shall be sentenced "to imprisonment for the term allowed by law, but, in any event, *not less than 25*

*years."* (Emphasis added.) Hence, it is obvious from the expressed legislative intent and the plain language of the statute that subsection (c) requires a mandatory minimum and not a mandatory maximum sentence.

In the instant case, the trial court's sentence of two 20-year consecutive sentences for robbery with a deadly weapon was in accordance with its authority under Art. 27, § 488 (1957, 1987 Repl.Vol.). It was a legal sentence. The fact that the sentence arguably exceeded the minimum set forth in § 643B(c) is not relevant.

As we have stated previously, the draftsmanship of § 643B(c) is "patently inartful," but any change must be left to the Legislature. *Calhoun,* 46 Md.App. at 489–90, 418 A.2d 1241. Hence, we must assume what the statute says is what it means. *Lett v. State,* 51 Md.App. 668, 680, 445 A.2d 1050, *cert. denied,* 294 Md. 442 (1982). Accordingly, the two consecutive 20-year sentences must be affirmed.

JUDGMENTS AFFIRMED.

COSTS TO BE PAID BY APPELLANT.