621 A.2d 424

**STATE of Maryland**

v.

**Eugene Evans TAYLOR, Jr.**

**No. 91, Sept. Term, 1991.**

Court of Appeals of Maryland.

March 24, 1993.

---

Thomas K. Clancy, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., both on brief), Baltimore, for petitioner.

W. Gary Kohlman (Kohlman and Rochon, both on brief), Washington, DC, for respondent.

Argued before MURPHY, C.J., and ELDRIDGE, RODOWSKY, McAULIFFE, CHASANOW, KARWACKI and CHARLES E. ORTH, Jr., Judge of the Court of Appeals of MD (Retired, Specially Assigned), JJ.

ELDRIDGE, Judge.

This case involves an application of the mandatory sentencing provisions of Maryland Code (1957, 1992 Repl.Vol.), Art. 27, § 643B.[1]

---

1. Code (1957, 1992 Repl.Vol.), Art. 27, § 643B provides in part:

"(a) *'Crime of Violence.'*—As used in this section, the term 'crime of violence' means abduction; arson; burglary; daytime housebreaking under § 30(b) of this article; kidnapping; manslaughter, except involuntary manslaughter; mayhem and maiming under §§ 384, 385 and 386 of this article; murder; rape; robbery; robbery with a deadly weapon; sexual offense in the first degree; sexual offense in the second degree; use of a handgun in the commission of a felony or other crime of violence; an attempt to commit any of the aforesaid offenses; assault with intent to murder; assault with intent to rape; assault with intent to rob; assault with intent to commit a sexual offense in the first degree; and assault with intent to commit a sexual offense in the second degree.

"The term 'correctional institution' includes Patuxent Institution and a local or regional jail or detention center.

 \* \* \* \* \* \*

"(c) *Third conviction of a crime of violence.*—Any person who (1) has been convicted on two separate occasions of a crime of violence where the convictions do not arise from a single incident, and (2) has served at least one term of confinement in a correctional institution as a result of a conviction of a crime of violence, shall be sentenced, on being convicted a third time of a crime of violence, to imprisonment for the term allowed by law, but, in any event, not less than 25 years. Neither the sentence nor any part of it may be suspended, and the person shall not be eligible for parole except in accordance with the provisions of Article 31B, § 11. A separate

The defendant, Eugene Evans Taylor, was convicted in the Circuit Court for Prince George's County of assault with intent to rob and attempted robbery. The parties in this Court have agreed to a statement of facts, the relevant portions of which are as follows.

"Officer Corrine Gentile of the Cheverly Police Department arrived home from work around 2:30 a.m. on November 15, 1989. A red vehicle parked behind her and three men exited it. Before she could get out of her car, the three men approached her. One of the men, identified by her as Taylor, struck her in the face and stunned her. He then reached in the car and tried to take her wallet. Before he was able to secure the wallet, Officer Gentile recovered her senses and pulled her gun. Taylor saw the gun, yelled, and ran. Officer Gentile fired a shot but Taylor and his two companions fled.

"Meanwhile, Prince George's County Police Corporal David Hayes, who was sleeping in his nearby apartment, heard the gun shot. He looked out of his window and saw Taylor running. The corporal procured his own weapon and gave chase. He captured Taylor in the woods located a short distance from the apartment complex. Officer Gentile went to the place where Corporal Hayes detained Taylor, viewed him, and positively identified Taylor as her assailant.

"The State filed notice of the applicability of mandatory minimum sentencing pursuant to Article 27, Section 643B. At sentencing, the State established that Taylor had been convicted previously of, and served a period of incarceration for, two crimes of violence: robbery; and assault with intent to rob."

---

occasion shall be considered one in which the second or succeeding offense is committed after there has been a charging document filed for the preceding occasion.

"(d) *Compliance with Maryland Rules.*—If the State intends to proceed against a person as a subsequent offender under this section, it shall comply with the procedures set forth in the Maryland Rules for the indictment and trial of a subsequent offender."

The trial court sentenced Taylor to a § 643B(c) mandatory sentence of 25 years on the attempted robbery conviction. The trial court also imposed a 10 year concurrent sentence on the assault with intent to rob conviction. If Taylor had been convicted only of assault with intent to rob, the trial court would have been required by § 643B(c) to impose a 25 year mandatory sentence for that offense. As Taylor was convicted of two crimes of violence under § 643B, however, the trial court could impose only one § 643B(c) sentence. *See Calhoun v. State,* 46 Md.App. 478, 489, 418 A.2d 1241, 1249 (1980), *aff'd,* 290 Md. 1, 425 A.2d 1361 (1981).

Taylor appealed to the Court of Special Appeals. The intermediate court, in an unreported opinion, held that, under the required evidence test, the conviction for attempted robbery merged into the conviction for assault with intent to rob. Accordingly, the 25 year sentence for the attempted robbery was vacated. *See Williams v. State,* 323 Md. 312, 318–319, 322, 593 A.2d 671, 673, 676 (1991), and cases there cited. The Court of Special Appeals affirmed the conviction and ten year sentence for assault with intent to rob.

Both the State and Taylor filed petitions for a writ of certiorari. This Court granted the State's petition with respect to the following question only:

"Where the State proves the necessary predicates for the imposition of a § 643B 25–year without the possibility of parole mandatory sentence upon conviction for two crimes of violence, but only one 25–year sentence is imposed in accordance with *Calhoun v. State,* 46 Md.App. 478[, 418 A.2d 1241] (1980), *aff'd,* 290 Md. 1[, 425 A.2d 1361] (1981), should the sentences imposed on both crimes of violence be vacated upon a finding of merger?"

We answer the question in the affirmative. In this case, the sentence for assault with intent to rob will be vacated, and the case will be remanded to the Circuit Court for Prince George's County for the imposition of a § 643B(c)

mandatory sentence of 25 years on the assault with intent to rob conviction.[2]

Sections 643B(c) and (d) were added by Ch. 678 of the Acts of 1977 for the purpose of "providing new and different alternatives for dealing with aggressive and violent offenders." We have repeatedly stated that the purpose of this enhanced punishment statute was to "protect the public from assaults upon people and injury to property and to deter repeat offenders from perpetrating other criminal acts of violence under the threat of an extended period of confinement." *Hawkins v. State,* 302 Md. 143, 148, 486 A.2d 179, 182 (1985). *See also Minor v. State,* 313 Md. 573, 576, 546 A.2d 1028, 1029 (1988).

Moreover, when all of the predicate requirements are fulfilled, the imposition of a 25 year minimum sentence is mandatory. As Judge Cole stated for this Court in *Loveday v. State,* 296 Md. 226, 236–237, 462 A.2d 58, 63 (1983):

"Article 27, § 643B(c) and (d) provide that any person convicted of a third crime of violence, having previously served at least one term of confinement for one of said violent crimes is to be sentenced for a period not less than twenty-five years. There is no discretion in the trial court, provided the State complies with the procedure set forth in Md.Rule 734c which requires notice to the defendant 15 days prior to sentencing. At the sentencing procedure, if the defendant can demonstrate that the alleged crimes are not crimes of violence or that the proceedings are defective, *e.g.,* that the defendant unlawfully lacked counsel, then the statutory mandate may not be carried out. However, if the statutory requirements are met, the sentence prescribed *must* be imposed."

---

**2.** Ordinarily, the maximum sentence for assault with intent to rob is ten years. Maryland Code (1957, 1992 Repl.Vol.), Art. 27, § 12. Nevertheless, when the sentence for assault with intent to rob is imposed under § 643B(c) for a third conviction, a 25 year sentence is the mandatory sentence. When the normal maximum sentence for a crime exceeds 25 years, the sentence under § 643B(c) would be a mandatory *minimum* sentence.

*See also Hawkins v. State, supra,* 302 Md. at 150, 486 A.2d at 183 (for punishment purposes the legislature may require courts to consider the persistence of the accused in pursuing a criminal course of conduct when imposing sentence); *Temoney v. State,* 290 Md. 251, 261, 429 A.2d 1018, 1023 (1981).

The State complied with all of the requirements of § 643B in this case. The defendant's assault with intent to rob · conviction was a third conviction of a crime of violence and thus carried a 25 year mandatory sentence under § 643B. It is only because the defendant was convicted of another crime of violence based on the same act, *i.e.,* attempted robbery, and because the trial judge failed to notice the merger situation and imposed the mandatory 25 year sentence for the lesser included offense, that the defendant was not sentenced to a § 643B(c) mandatory 25 year sentence on the assault with intent to rob conviction. *Calhoun v. State, supra,* 46 Md.App. at 489, 418 A.2d at 1249, *aff'd,* 290 Md. 1, 425 A.2d 1361.

Under these circumstances, the Court of Special Appeals' refusal to vacate the sentence for assault with intent to rob, and its refusal to remand for the imposition of a 25 year sentence under § 643B(c), thwarts the express intent of the statute. When the requirements of the statute are met, the 25 year mandatory sentence must be imposed. *Temoney v. State, supra,* 290 Md. at 261, 429 A.2d at 1023 (if "the evidence as a matter of law brought the defendant within the mandatory sentencing requirement of § 643B(c), then the case should have been remanded simply for the imposition of a mandatory sentence under that statute"). *See also Bowman v. State,* 314 Md. 725, 738–739, 552 A.2d 1303, 1309 (1989) (vacating all sentences and remanding for resentencing after a determination that the imposition of a mandatory minimum sentence was improper).

Consequently, we hold that in order to effectuate the purposes of § 643B(c) under these circumstances, the 10 year sentence for assault with intent to rob must be vacated

and the trial court is directed to impose a 25 year sentence under § 643B(c) for assault with intent to rob.[3]

JUDGMENT OF THE COURT OF SPECIAL APPEALS AFFIRMED IN PART AND REVERSED IN PART, AND CASE REMANDED TO THE COURT OF SPECIAL APPEALS WITH DIRECTIONS TO VACATE THE SENTENCE FOR ASSAULT WITH INTENT TO ROB AND TO REMAND THE CASE TO THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY FOR IMPOSITION OF A NEW SENTENCE ON THAT CONVICTION IN ACCORDANCE WITH THIS OPINION. COSTS IN THIS COURT TO BE PAID BY THE DEFENDANT TAYLOR. COSTS IN THE COURT OF SPECIAL APPEALS TO BE IN ACCORDANCE WITH THAT COURT'S PRIOR MANDATE.

---

**3.** There is no merit to the defendant's argument that imposition of the mandatory sentence on the conviction of assault with intent to rob violates double jeopardy principles.