634 A.2d 1322

**Donald Wayne TAYLOR**

v.

**STATE of Maryland.**

**No. 34, Sept. Term, 1993.**

Court of Appeals of Maryland.

Dec. 23, 1993.

Mandate Corrected Feb. 3, 1994.

230

Susan L. Jordan, Asst. Public Defender, (Stephen E. Harris, Public Defender and Nancy S. Forster, Asst. Public Defender) on brief, Baltimore, Nancy S. Forster, Asst. Public Defender (argued), for petitioner.

Annabelle L. Lisic, Asst. Atty. Gen., J. Joseph Curran, Jr., Atty. Gen. of Maryland on brief, Baltimore, for respondent.

Argued before MURPHY, C.J., and ELDRIDGE, RODOWSKY, McAULIFFE, CHASANOW, KARWACKI and ROBERT M. BELL, JJ.

KARWACKI, Judge.

We are asked in this case to construe Maryland Code (1957, 1992 Repl.Vol.), Art. 27, § 643B, a statute prescribing enhanced sentences for habitual perpetrators of certain enumerated crimes of violence.

Donald Wayne Taylor was convicted by a jury in the Circuit Court for Baltimore County of first degree murder, five counts of forgery, and five counts of theft. Taylor had two previous convictions for crimes of violence: in 1984, he pleaded guilty to assault with intent to rob and received a three year suspended sentence and three years of probation; and in 1987, he pleaded guilty to robbery with a deadly weapon and was sentenced to six years' incarceration. Because of these prior convictions, the State served notice upon Taylor that it would seek enhanced punishment under Article 27, § 643B [1] and that it

---

1. Md.Code (1957, 1992 Repl.Vol.), Art. 27, § 643B provides in relevant part:

"(a) *'Crime of violence.'*—As used in this section, the term 'crime of violence' means abduction; arson; burglary; daytime housebreaking under § 30(b) of this article; kidnapping; manslaughter, except involuntary manslaughter; mayhem and maiming under §§ 384, 385, and 386 of this article; murder; rape; robbery; robbery with a deadly weapon; sexual offense in the first degree; sexual offense in the second degree; use of a handgun in the commission of a felony or other crime of violence; an attempt to commit any of the aforesaid offenses; assault with intent to murder; assault with intent to rape; assault with intent to rob; assault with intent to commit a sexual

would seek a sentence of life imprisonment without parole pursuant to Article 27, § 412.

The trial court found that the State had met its burden of proving the predicate offenses required for enhanced punishment under § 643B. Taylor was sentenced to life imprisonment without the possibility of parole for the murder conviction pursuant to the enhanced punishment statute, the court concluding that it possessed no discretion to impose any lesser sentence by the terms of § 643B(c). He was also sentenced to five years imprisonment for each of the forgery convictions and one year imprisonment for each of the theft convictions. The forgery and theft sentences are to run consecutively to one another but concurrently with the sentence of life imprisonment without parole imposed for first degree murder. He appealed to the Court of Special Appeals, which affirmed Taylor's convictions and sentences in an unreported opinion. We granted certiorari to consider whether the trial court properly applied § 643B(c) when sentencing Taylor on his conviction of first degree murder.

When all the predicate requirements are fulfilled, § 643B(c) mandates the imposition of a sentence of "imprisonment for the term allowed by law, but, in any event, not less than 25 years. Neither the sentence nor any part of it may be

---

offense in the first degree; and assault with intent to commit a sexual offense in the second degree.

. . . .

"(c) *Third conviction of crime of violence.*—Any person who (1) has been convicted on two separate occasions of a crime of violence where the convictions do not arise from a single incident, and (2) has served at least one term of confinement in a correctional institution as a result of a conviction of a crime of violence, shall be sentenced, on being convicted a third time of a crime of violence, to imprisonment for the term allowed by law, but, in any event, not less than 25 years. Neither the sentence nor any part of it may be suspended, and the person shall not be eligible for parole except in accordance with the provisions of Article 31B, § 11. A separate occasion shall be considered one in which the second or succeeding offense is committed after there has been a charging document filed for the preceding occasion."

Article 31B, § 11 concerns the release of inmates from the Patuxent Institution and is not relevant to our analysis of the instant case.

suspended, and the person shall not be eligible for parole. . . ." Prior to imposing Taylor's sentence, the trial judge discussed § 643B and cases which interpret that statute, focusing primarily on *Leggett v. State,* 79 Md.App. 170, 556 A.2d 289, *cert. denied, Leggett-El v. State,* 317 Md. 70, 562 A.2d 718 (1989), a case which was factually similar to Taylor's. Leggett had been convicted of first degree murder and was sentenced to life imprisonment without parole pursuant to § 643B(c). He argued that he was entitled to a remand for resentencing because the trial court failed to exercise its discretion to impose a sentence other than life imprisonment without parole. The Court of Special Appeals held essentially that the trial court had no discretion in the matter:

> "In this case, 'the term allowed by law' is life imprisonment. Consequently, the trial court was required to sentence appellant to life imprisonment. Moreover, since 'neither the sentence nor any part of it may be suspended, and the person shall not be eligible for parole . . . ,' the court could only have imposed the sentence it did."

*Leggett v. State,* 79 Md.App. at 177, 556 A.2d at 292. The trial judge in the instant case interpreted *Leggett* as follows:

> "THE COURT: Well, I think *Leggett's* clear. . . . Without *Leggett,* my interpretation would be as [defense counsel] argued. But with *Leggett, Leggett* points out something that obviously is not as clear as we might like. . . .
>
>  . . . .
>
> "The court goes on to say then, with respect to the *Leggett* situation, which is on almost all fours here, that where the only sentence that can be imposed is life imprisonment, then you must look at the sentence that follows the provision that says not less than 25 years—completely different sentence. And it says, neither the sentence nor any part of it may be suspended. . . .
>
> " . . . And *Leggett,* as was the case, the Court had before it a first degree murder case. The . . . sentence was life without the possibility of parole.

"The Court didn't say that was okay for the judge to do. The Court said that's what the judge had to do....

. . . .

"You can argue forever on about that but this Court has no discretion to impose anything other than life without parole."

It is evident from this discussion that the trial judge imposed Taylor's sentence of life imprisonment without the possibility of parole in the belief that under *Leggett*, he had no discretion to impose a lesser sentence. The Court of Special Appeals affirmed Taylor's sentence on the same basis.

■ We begin our analysis with the recognition that first degree murder which does not meet the criteria for the death penalty set forth in Md.Code (1957, 1992 Repl.Vol.), Article 27, § 413, is punishable by life imprisonment, which may be ordered to be with or without parole in the discretion of the sentencing judge. Article 27, § 412(d); *Woods v. State*, 315 Md. 591, 598–601, 556 A.2d 236, 239–41 (1989). It is also within the discretion of the judge to suspend all or part of a sentence of life imprisonment pursuant to Md.Code (1957, 1992 Repl.Vol.) Article 27, § 641A,[2] unless the power of the trial court to do so is limited by some other provision of law. *Williamson v. State*, 284 Md. 212, 214, 395 A.2d 496, 497 (1979); *State v. Wooten*, 277 Md. 114, 117, 352 A.2d 829, 831 (1976). Section 643B(c) is such a provision.

Taylor contends that the trial judge erred in construing § 643B(c) to mandate a sentence of life imprisonment without the possibility of parole, no part of which may be suspended.

---

**2.** Article 27, § 641A provides in pertinent part:
"(a) *In general.*—(1) Upon entering a judgment of conviction, the court having jurisdiction may suspend the imposition or execution of sentence and place the defendant on probation upon such terms and conditions as the court deems proper.

. . . .

"(3) The court may impose a sentence for a specified period and provide that a lesser period be served in confinement, suspend the remainder of the sentence and grant probation for a period longer than the sentence but not in excess of 5 years."

He asserts that the parole eligibility limitation and the prohibition on suspension of any part of the sentence apply only to the 25–year minimum sentence and not to the "term allowed by law" or any longer sentence that might be imposed. In support of his argument, Taylor points to our decision in *Malcolm v. State*, 314 Md. 221, 550 A.2d 670 (1988), a case which concerned Md.Code (1957, 1982 Repl.Vol., 1985 Cum. Supp.), Article 27, § 286(b)(2), a habitual offender statute similar to § 643B(c). Malcolm had been convicted of possession with intent to distribute a controlled dangerous substance and was sentenced to 20 years imprisonment without parole. Article 27, § 286(b)(2) at that time provided for a maximum sentence of 20 years imprisonment, but it also provided that anyone violating its provisions who had been previously convicted under the same statute "shall be sentenced to imprisonment for not less than 10 years. Neither the sentence nor any part of it may be suspended, and the person shall not be eligible for parole except in accordance with Article 31B, § 11." We found the language of that statute to be ambiguous with respect to whether the limitation on parole eligibility applied only to the 10–year minimum sentence, or whether the limitation could be applied as well to any longer sentence that might be imposed. *Malcolm v. State*, 314 Md. at 234, 550 A.2d at 676. We relied on the long-standing rule that "where, as here, a penal statute is ambiguous, the provision should be construed in favor of the defendant," *id.* (citations omitted), and we held that *only* the first ten years of Malcolm's sentence were subject to the limitation of eligibility for parole. *Id.* at 235, 550 A.2d at 677.

■ The State contends that *Malcolm*'s reasoning is inapplicable to the case *sub judice* because, unlike the language in former § 286(b)(2), the statute in the instant case is clear and unambiguous. We do not agree. The two statutes are similarly worded, and similar ambiguities arise. It is difficult to discern from the language of § 643B(c) alone whether the phrase "the sentence" refers to the entire "term allowed by law," or whether "the sentence" refers to only the 25–year minimum sentence which immediately precedes that phrase.

We will therefore "attempt to divine legislative intent from the entire statutory scheme, as opposed to scrutinizing parts of a statute in isolation." *Williams v. State*, 329 Md. 1, 15–16, 616 A.2d 1275, 1282 (1992); *Forbes v. Harleysville Mutual*, 322 Md. 689, 697, 589 A.2d 944, 948 (1991); *Jones v. State*, 311 Md. 398, 405, 535 A.2d 471, 474 (1988).

We recently discussed the purpose of the enhanced punishment scheme of § 643B(c) in *State v. Taylor*, 329 Md. 671, 621 A.2d 424 (1993).

> "Sections 643B(c) and (d) were added by Ch. 678 of the Acts of 1977 for the purpose of 'providing new and different alternatives for dealing with aggressive and violent offenders.' We have repeatedly stated that the purpose of this enhanced punishment statute was to 'protect the public from assaults upon people and injury to property and to deter repeat offenders from perpetrating other criminal acts of violence under the threat of an extended period of confinement.' *Hawkins v. State*, 302 Md. 143, 148, 486 A.2d 179, 182 (1985)."

*Taylor*, 329 Md. at 675, 621 A.2d at 426. Considering the statute in the context of the stated purposes, a strong argument can be made that while the legislature clearly intended the "extended period of confinement" to encompass a minimum of 25 years, it did not intend to circumscribe a sentencing judge's discretion beyond that point. The dual purposes of public protection and deterrence do not require conversion of every life imprisonment sentence into a sentence of life imprisonment without parole; both purposes are sufficiently served by 25 years' mandatory imprisonment without parole.

We believe that this more lenient reading of the statute is preferable to that put forth by the Court of Special Appeals in *Leggett, supra*, but in any event, we cannot agree with the State that the meaning of § 643B(c) is clear and unambiguous. We observe that late Chief Judge Richard P. Gilbert, writing for the Court of Special Appeals, had previously assessed the draftsmanship of § 643B(c) as "patently inartful." *Calhoun v. State*, 46 Md.App. 478, 489–90, 418 A.2d

1241, 1249 (1980), *aff'd,* 290 Md. 1, 425 A.2d 1361 (1981). *See also Davis v. State,* 76 Md.App. 775, 783, 548 A.2d 183, 186 (1988), *cert. denied,* 314 Md. 496, 551 A.2d 867 (1989). It is, in the very least, ambiguous with respect to the limitation on parole eligibility and the limitation on a judge's ability to suspend the sentence. Because an enhanced punishment statute is "highly penal, [it] must be strictly construed." *Jones v. State,* 324 Md. 32, 38, 595 A.2d 463, 466 (1991). *See also Malcolm v. State, supra; Gatewood v. State,* 244 Md. 609, 617, 224 A.2d 677, 682 (1966); *Wright v. State,* 24 Md.App. 309, 319–20, 330 A.2d 482, 488, *cert. denied,* 274 Md. 733 (1975); 3 Norman J. Singer, *Sutherland Statutory Construction,* § 59.-03, at 102–103 (5th ed. 1992) ("[W]here there is doubt concerning the severity of the penalty prescribed by a statute, a milder penalty over a harsher one will be favored."). Because the language of § 643B(c) is ambiguous with respect to the harshness of the penalty to be imposed, the reasoning this Court applied in *Malcolm, supra,* is equally applicable here. Thus, we hold that the statutory limitations on suspension and eligibility for parole apply to only the first 25 years of a sentence of life imprisonment, and we disapprove of the holding of the Court of Special Appeals in *Leggett, supra.*

It is certainly within the trial judge's discretion to impose a sentence of life imprisonment without parole under § 643B(c). It is also within his discretion, however, to impose a sentence of life imprisonment, and suspend all but 25 or more years thereof. Only 25 years of that imprisonment must be served without parole. Because the trial judge in the instant case was under the mistaken belief that he had no option but to sentence Taylor to life imprisonment without the possibility of parole, we shall vacate that sentence and remand the matter for resentencing.

**JUDGMENTS AFFIRMED, EXCEPT AS TO SENTENCE FOR FIRST DEGREE MURDER; THAT SENTENCE VACATED AND CASE REMANDED TO THE COURT OF SPECIAL APPEALS WITH INSTRUCTIONS TO REMAND THE CASE TO THE CIRCUIT COURT**

FOR BALTIMORE COUNTY FOR RESENTENCING NOT INCONSISTENT WITH THIS OPINION. COSTS IN THE COURT OF SPECIAL APPEALS TO BE PAID: SIX–SEVENTHS BY THE PETITIONER AND ONE–SEVENTH BY BALTIMORE COUNTY; COSTS IN THIS COURT TO BE PAID BY BALTIMORE COUNTY.

ROBERT M. BELL, Judge, dissenting in which CHASANOW, Judge, joins.

The majority today holds that the limitations on suspension and eligibility for parole prescribed by Maryland Code (1957, 1992 Repl.Vol.) Art. 27, § 643B(c) apply only to the first 25 years of a sentence of life imprisonment, thus overruling, explicitly, *Leggett v. State,* 79 Md.App. 170, 556 A.2d 289, *cert. denied, Leggett–El v. State,* 317 Md. 70, 562 A.2d 718 (1989), in which the Court of Special Appeals reached the opposite result. [Slip op. at 9]. To achieve that result, the majority applied the reasoning it had previously employed in the case of *Malcolm v. State,* 314 Md. 221, 550·A.2d 670 (1988), to section 643B(c), the meaning of which it determined to be ambiguous. I do not agree either that section 643B(c) is ambiguous or that the *Malcolm* rationale applies. Accordingly, I dissent.

It is well-settled that, in this state, the inquiry into the Legislature's intention in enacting a statute begins, and ordinarily ends, with the words of the statute. *Harris v. State,* 331 Md. 137, 145, 626 A.2d 946, 950 (1993). When the words of a statute are clear and unambiguous, there usually is no need to go further in construing the statute. *Id.; Mustafa v. State,* 323 Md. 65, 73, 591 A.2d 481, 485 (1991). In making that determination, the court gives the words of the statute their ordinary and common meaning, *Dickerson v. State,* 324 Md. 163, 171, 596 A.2d 648, 652 (1991); *Cunningham v. State,* 318 Md. 182, 185, 567 A.2d 126, 127 (1989), neither adding nor deleting words in order to give the statute a meaning not evident by the words actually used, *State v. Thompson,* 332 Md. 1, 7, 629 A.2d 731, 734–35 (1993); *Board of Educ. of Garrett County v. Lendo,* 295 Md. 55, 63, 453 A.2d 1185, 1189

(1982), or to create an ambiguity which does not otherwise exist. Thus, while, as the majority recognizes, op. at 237, and this Court held in *Malcolm*, 314 Md. at 234, 550 A.2d at 676, penal statutes are to be strictly construed against the State and in favor of the defendant, *see Harris*, 331 Md. at 145, 626 A.2d at 950; *State v. Kennedy*, 320 Md. 749, 754, 580 A.2d 193, 195 (1990); *Davis v. State*, 319 Md. 56, 61, 570 A.2d 855, 858 (1990); *Wynn v. State*, 313 Md. 533, 539, 546 A.2d 465, 468 (1988); 3 Norman J. Singer, Statutes and Statutory Construction, § 59.03 (4th Ed.1986), that rule of construction does not apply unless the penal statute is ambiguous. *Thompson*, 332 Md. at 7, 629 A.2d at 734; *Harris*, 331 Md. at 145, 626 A.2d at 950; *Koyce v. State*, 289 Md. 134, 422 A.2d 1017, 1020 (1980).

Section 643B(c) provides:

Any person who (1) has been convicted on two separate occasions of a crime of violence where the convictions do not arise from a single incident, and (2) has served at least one term of confinement in a correctional institution as a result of a conviction of a crime of violence, shall be sentenced, on being convicted a third time of a crime of violence, to imprisonment for the term allowed by law, but, in any event, not less than 25 years. Neither the sentence nor any part of it may be suspended, and the person shall not be eligible for parole except in accordance with the provisions of Article 31B, § 11. A separate occasion shall be considered one in which the second or succeeding offense is committed after there has been a charging document filed for the preceding occasion.

There is nothing ambiguous about this statute. Indeed, what it prescribes is crystal clear: when the prerequisites have been met—a defendant has been convicted on two separate occasions of two separate crimes of violence and has served one term of confinement as a result of conviction of one of them—a defendant must be sentenced the third time "to imprisonment for the term allowed by law," or if that term is, or may be, less than 25 years, to imprisonment for 25 years. Having been so "sentenced," the statute prescribes, again

unambiguously, that "[n]either the sentence nor any part of it may be suspended, and the person shall not be eligible for parole except in accordance with the provisions of Art. 31B, § 11," pertaining to the release from Patuxent Institution. Thus, whether the sentence prescribed by law is less than or greater than 25 years imprisonment, when the prerequisites of § 643B(c) have been met, the sentence that must be imposed is that "allowed by law," or the minimum mandatory sentence prescribed by section 643B(c), no part of which may be suspended. When the sentence "allowed by law" is a specific sentence that necessarily is greater than 25 years imprisonment, it is that greater sentence that must be imposed and which cannot be suspended, in whole or part. When the sentence "allowed by law" is, or may be, less than 25 years, "the sentence" refers to the minimum mandatory term that section 643B(c) requires to be imposed.

The sentence prescribed for first degree murder is set out in section 412(b). It provides:

(b) *Penalty for first degree murder.*—Except as provided under subsection (f) of this section[1], a person found guilty of murder in the first degree shall be sentenced to death, imprisonment for life, or imprisonment for life without the possibility of parole. The sentence shall be imprisonment for life unless: (1)(i) the State notified the person in writing at least thirty days prior to trial that it intended to seek a sentence of death, and advised the person of each aggravating circumstance upon which it intended to rely, and (ii) a sentence of death is imposed in accordance with § 413; or (2) the State notified the person in writing at least 30 days prior to trial that it intended to seek a sentence of imprisonment for life without the possibility of parole under § 412 or § 413 of this article.

---

1. Subsection (f) exempts minor or mentally retarded defendants from eligibility for imposition of the death penalty, and makes the maximum possible sentence for first degree murder life imprisonment without parole.

Under this statute, unless the requisite notice is provided that a sentence of death or life imprisonment without possibility of parole is being sought, a defendant convicted of first degree murder "shall" be sentenced to life imprisonment. Thus, for purposes of section 643B(c), in the case of first degree murder, the sentence "allowed by law" is life imprisonment. This is to be contrasted with statutes which prescribe a maximum penalty that may, but need not, be imposed. *See, e.g.,* section 412(c), which provides that, "[a] person found guilty of murder in the second degree shall be sentenced to imprisonment for *not more than* 30 years." (Emphasis added). In such a case, the sentence "allowed by law" is any sentence, in the discretion of the court, that does not exceed the statutory maximum. Section 643B(c), however, limits the court's discretion by mandating that it impose a sentence of 25 years.

To be sure, a sentence of life imprisonment pursuant to section 412(b) may be suspended, in whole or in part, in the discretion of the trial court. Even when, however, a trial court suspends a portion of a life sentence prescribed by section 412(b), the sentence "allowed by law" does not change; it is still life imprisonment. *See Williamson v. State,* 284 Md. 212, 214, 395 A.2d 496, 497 (1979); *State v. Wooten,* 277 Md. 114, 117, 352 A.2d 829, 831 (1976).[2] As the majority recognizes, *see* op. at 234, section 643B(c) is a provision that limits the exercise of discretion to suspend a sentence by the trial court. Thus, where it is applicable, because the sentence "allowed by law" may not be suspended in whole or in part, the trial court has no discretion to impose a sentence other than life imprisonment without possibility of parole.

---

**2.** The majority suggests that section 412(d) gives the court discretion to impose a sentence of life imprisonment or life imprisonment without the possibility of parole. That is true only insofar as section 413 does not otherwise provide. Moreover, subsection (d) must be read in light of the notice requirements set forth in subsection (b). Thus, unless the State notifies the defendant in writing at least thirty days prior to the trial that it intends to seek a sentence of imprisonment for life without the possibility of parole, "[t]he sentence shall be imprisonment for life."

According to the majority, "it is difficult to discern from the language of § 643B(c) alone whether the phrase 'the sentence' refers to the entire 'term allowed by law,' or whether 'the sentence' refers to only the 25–year minimum sentence which immediately precedes that phrase." Op. at 235. That is nothing short of creating an ambiguity which does not exist. "The sentence" refers, as we have seen, to the term of imprisonment that the court imposes when the statutory prerequisites have been met, *i.e.*, sentences the defendant to imprisonment for the term allowed by law. The phrase "but, in any event, not less than 25 years" has applicability only to the extent that the sentence "allowed by law" is, or may be, less than 25 years. Where the sentence prescribed by law must be more than 25 years, whether because it is a minimum sentence or the only permissible sentence, as is the case of murder in the first degree, it is that "sentence" to which the statute refers.

The majority interprets section 643B(c) as giving the trial court discretion "to impose a sentence of life imprisonment without parole under § 643B(c) [or] to impose a sentence of life imprisonment, and suspend all but 25 or more years thereof. Only 25 years of that imprisonment must be served without parole." Op. at 237. Whether section 412(b) entrusts to the trial court the decision as to whether the life sentence is with or without parole does not change the fact that the sentence the court must impose is life imprisonment. Thus the majority's initial conclusion is irrelevant. On the other hand, section 643B(c) quite clearly prohibits a court from suspending the sentence, "allowed by law," that the court imposes. The majority's holding, under the guise of interpretation, that after imposing the sentence allowed by law, the court could suspend all but 25 years is simply wrong and, in fact, totally disregards the plain language of section 643B(c).

*Malcolm,* upon which the majority relies is inapposite. The statute under review in that case was section 286(b)(2), also an habitual offender statute. Maryland Code (1957, 1982 Repl. Vol.) 1985 Cum.Sup., Art. 27, § 286(b)(2), in effect when

*Malcolm* was decided, provided that anyone violating its provisions

> is guilty of a felony and is subject to imprisonment of not more than 20 years, or a fine of not more than $20,000, or both. Any person who has previously been convicted under this paragraph shall be sentenced to imprisonment for not less than 10 years. Neither the sentence nor any part of it may be suspended, and the person shall not be eligible for parole except in accordance with Article 31B, § 11.

314 Md. at 243, 550 A.2d at 676. We held that this language was ambiguous with respect to whether the parole limitation "applies only to the mandatory ten year sentence, or may be applied as well to any longer sentence that is imposed." *Id.* Unlike section 286(b)(2), section 643B(c) requires the court to impose the sentence allowed by law, and prohibits parole or the suspension of any part of that sentence. However we may view the situation when the sentence "allowed by law" refers simply to the maximum sentence, the trial court being able, within that scheme, to determine what specific sentence to impose, there simply is no ambiguity when the sentence "allowed by law" refers to a specific sentence and, hence, does not depend on the court's exercise of discretion. Therefore, although it may be arguable that, in its usual application, section 643B(c) may be analogous to and, thus, properly interpreted like section 286(b)(2), that is not the case when the conviction at issue is for first degree murder.

In *State v. Taylor,* 329 Md. 671, 675, 621 A.2d 424, 426 (1993), quoting *Hawkins v. State,* 302 Md. 143, 148, 486 A.2d 179, 182 (1985), we recognized that section 643B(c) "provid[es] new and different alternatives for dealing with aggressive and violent offenders" and that its purpose "was to 'protect the public from assaults upon people and injury to property and to deter repeat offenders from perpetuating other criminal acts of violence under the threat of an extended period of confinement. Interpreting section 643B(c) consistently with its plain language, as was done in *Leggett, supra,* vindicates its purpose. Moreover, the *Leggett* result is neither illogical nor unreasonable. On the other hand, the construction given it by

the majority is nothing short of judicial legislation. Rather than seeking to discern legislative intent and, having done so, giving it effect, the majority, under the guise of construction, simply substitutes its judgment for that of the Legislature.

Section 643B(c) was properly interpreted by the Court of Special Appeals in *Leggett*, which it then applied in this case. I would affirm the judgment of the Court of Special Appeals.

Judge Chasanow joins in the views expressed herein.