844 A.2d 406

Julio J. NAVARRO–MONZO, et ux.

v.

WASHINGTON ADVENTIST HOSPITAL t/a ADVENTIST
HEALTHCARE, INC., et al.

No. 69, Sept. Term, 2003.

Court of Appeals of Maryland.

March 11, 2004.

**196**

Samuel M. Grant (David J. Preller, Jr., Preller and Preller, on brief), Towson, for appellants.

Francis X. Leary (Dena M. Terra, Whiteford, Taylor & Preston, L.L.P., Towson, Benjamin S. Vaughan, Susan B. Boyce, Armstrong, Donohue, Ceppos & Vaughan, Rockville, Albert D. Brault, Stuart N. Herschfeld, Joan F. Braunt. Brault, Graham, Scott & Brault, LLC, Rockville, all on brief), for appellees.

Argued before BELL, C.J. RAKER, WILNER, CATHELL, HARRELL, BATTAGLIA, ELDRIDGE, JOHN C. (Retired, Specially Assigned), JJ.

WILNER, J.

The Circuit Court for Montgomery County dismissed this medical malpractice action because, in that court's view, appellants failed, when the case was pending before the Health Claims Arbitration Office, to file an expert's certificate within the time limit set forth in Maryland Code, § 3–2A–04(b) of the

Courts and Judicial Proceedings Article (CJP). We believe that the court erred and shall therefore reverse.

## BACKGROUND

Title 3, subtitle 2A of CJP creates an arbitration program for the resolution of medical injury claims made against health care providers, in which damages in excess of the concurrent jurisdiction of the District Court (currently $25,000) are sought. CJP, §§ 3–2A–02(a) and 3–2A–04 require that all such claims be filed initially with the Health Claims Arbitration Office (HCAO). Unless the jurisdiction of that office is waived pursuant to § 3–2A–06A or § 3–2A–06B, those claims are submitted to a form of non-binding arbitration, subject to *de novo* trial in the Circuit Court. *See* §§ 3–2A–05 and 3–2A–06.

In 1986, the General Assembly added a new requirement to the program. Section 3–2A–04(b)(1)(i) requires that the claim be dismissed if the claimant fails to file with the Director of HCAO, within 90 days after the date of the complaint, a certificate of a qualified expert attesting (1) to a departure from the standard of care by the defendant, and (2) that the departure was the proximate cause of the alleged injury. With amendments added in 1989, however, § 3–2A–04(b)(1)(ii) states that, in lieu of dismissing the claim, the arbitration panel chair "shall grant an extension of no more than 90 days" for filing the required certificate if (1) the limitations period applicable to the claim has expired, and (2) the failure to file the certificate was neither willful nor the result of gross negligence. If the plaintiff files the certificate and the defendant wishes to dispute liability, the defendant must then file a certificate from a qualified expert attesting either to compliance with the standard of care or that the alleged departure was not the proximate cause of the alleged injury. If the defendant fails to file such a certificate within 120 days after service of the plaintiff's certificate, the claim may be adjudicated in favor of the plaintiff on the issue of liability. *See* § 3–2A–04(b)(2).

Two other statutory provisions—the ones principally at issue here—provide some relief from these time requirements. Section 3–2A–04(b)(5) states that "[a]n extension of the time allowed for filing a certificate of a qualified expert under this subsection *shall* be granted for good cause shown." (Emphasis added). Section 3–2A–05(j), which is part of the section dealing specifically with arbitration of the claim, provides that "[e]xcept for time limitations pertaining to the filing of a claim or response, the [HCAO] Director or the [arbitration] panel chairman, for good cause shown, may lengthen or shorten the time limitations prescribed in subsections (b) and (g) of this section *and § 3–2A–04 of this article.*" (Emphasis added).[1]

On September 14, 2001, appellants Julio and Miryana Navarro–Monzo filed a complaint with HCAO against Washington Adventist Hospital and Drs. Frank Gravino, James Fonger, Norton Elson, and Herman Segal, alleging a number of sequential episodes of medical malpractice. The nature of the alleged malpractice is not important to the issues before us. Under CJP § 3–2A–04(b)(1)(i), appellants had until December 13, 2001, to file the required certificate. On December 13, they moved for an extension, explaining that they were working with several physicians and were awaiting expert reports, "which has taken a longer period of time than expected." On January 11, 2002, the HCAO Director granted an extension of 69 days. The order did not specify when the 69–day period commenced, and thus was facially ambiguous. If the period commenced on December 14, it would have expired February 21, 2002; if it commenced on January 11, it would have expired March 21, 2002.

Appellants apparently assumed that the extension ran to March 21, for, on that day, they requested a second extension, again claiming that they were working with several physicians and were awaiting expert reports. This request was opposed

---

1. Section 3–2A–05(b)(2) requires that all discovery be completed within 270 days after all defendants have been served. Section 3–2A–05(g) sets certain time limits with respect to the making of an arbitration award and delivery of the award to the HCAO Director.

by appellees. Drs. Gravino, Elson, and Segal took the position that the first extension expired on March 14, apparently on the ground that the HCAO Director's discretion was limited to an extension of 90 days from December 14, and that, as the certificate had not been filed by then, "pursuant to the strict and unyielding provisions provided in the Annotated Code," no further extension could be granted and the action had to be dismissed. Neither the HCAO Director nor any panel chair made any immediate ruling on either the request for extension or the motion to dismiss.

On June 4, 2002, appellants, having received no response to their March 20 request, moved for a third extension, asserting that, within 21 days, they would either file the required certificate or report that no certificate would be forthcoming. The next day, on June 5, the HCAO Director granted a 30–day extension. As with the first extension, the order did not specify a commencement date for the 30 day period. On July 5, 2002, appellants filed a certificate from a Dr. David Davis asserting that the treatment by the appellee hospital and doctors departed from the standards of care required of them and that the departure from those standards was the proximate cause of the alleged injury. Although they no doubt disagree with Dr. Davis's conclusions, appellees have never contested the substantive validity of that certificate.

On September 17, 2002, Drs. Gravino, Elson, and Segal filed an election to waive arbitration, and, by order of the HCAO Director, the case was transferred to the Circuit Court for Montgomery County. See CJP § 3–2A–06B(c) and (d), permitting a defendant to waive arbitration after the plaintiff has filed his/her certificate, provided that the written waiver is filed within 60 days after all defendants have filed their own expert's certificate.[2] In accordance with CJP § 3–2A–06B(f), appellants filed a complaint in the Circuit Court. That com-

---

**2.** The HCAO docket sheet shows that the four doctors filed expert certificates prior to waiving arbitration. There is no indication that any such certificate was filed by the hospital. As appellants do not raise that as an issue, we shall not make it one.

plaint was met by motions to dismiss filed by all appellees, based on the assertions that (1) the second and third requested extensions were sought pursuant to CJP § 3–2A–04(b)(1)(ii), which did not allow more than one 90–day extension, and (2) any extension requested pursuant to CJP § 3–2A–04(b)(5) or 3–2A–05(j) must be filed before the expiration of the time allowed for filing a certificate, and that the second and third requests were not timely filed. Appellees thus argued that the HCAO Director had no authority to grant the untimely requests but was, instead, required to dismiss the claim.

The Circuit Court obviously found merit in that argument for, in a series of orders entered in January and February, 2003, it dismissed the complaint against all defendants with prejudice, citing as authority in each of its orders *McCready Memorial Hosp. v. Hauser,* 330 Md. 497, 624 A.2d 1249 (1993). Appellants appealed, and we granted *certiorari* on our own initiative prior to proceedings in the Court of Special Appeals to review those judgments.[3]

## DISCUSSION

Appellees present the same argument to us that they raised in the Circuit Court, namely, that § 3–2A–04(b)(1)(ii) permits but one 90–day extension and that, if any further extension is to be sought under either § 3–2A–04(b)(5) or § 3–2A–05(j), the extension must be sought before the expiration of the 90–day extension granted under § 3–2A–04(b)(1)(ii). Relying on *McCready,* they aver that, once that extension period expires, the claim must be dismissed. Their reliance, and the Circuit Court's reliance, on *McCready* is misplaced.

When the certificate requirement was added in 1986, there was no automatic extension provision. CJP § 3–2A–04(b)(1)

---

**3.** At oral argument, this Court posed the question of whether, once appellees waived arbitration, any error in the granting of an extension by HCAO remained material. Because that issue was not raised or briefed by the parties, we shall address the issue that *was* raised and reserve the materiality question for another time.

provided that, unless the sole basis of the claim was the lack of informed consent, the claim had to be dismissed, without prejudice, if the claimant failed to file the certificate within 90 days from the date of the complaint. Section 3–2A–04(b)(5) permitted an extension for good cause shown, and § 3–2A–05(j) allowed the HCAO Director or the arbitration panel chair to lengthen or shorten the time limitations for filing the certificate for good cause shown.

This construct came before the Court of Special Appeals in *Robinson v. Pleet,* 76 Md.App. 173, 544 A.2d 1 (1988). The plaintiff there filed her claim in November, 1986, but failed to file the required certificate within the 90–day period. On April 27, 1987, nearly five months later, one of the defendants moved to dismiss. On May 11, having received no answer from the plaintiff, the panel chairman granted the motion and dismissed the claim. Two days later, the plaintiff filed an answer, to which was attached the required certificate. That was followed, a week later, by a motion for reconsideration of the dismissal. That motion was implicitly denied when the HCAO Director entered an award in favor of the defendants. The plaintiff then filed a complaint in the Circuit Court which, on motion, was dismissed because of the default at the HCAO level.

Treating the plaintiff's failure to comply with the certificate requirement as equivalent to a failure to arbitrate the claim, the Court of Special Appeals affirmed. The appellate court noted that, under § 3–2A–04(b), dismissal was mandatory if the certificate is not filed within the 90–day period. That was true, the court held, even though limitations had run on the claim, thereby precluding a refiling of it, and the failure to file the certificate was not deliberate.

As we pointed out in *McCready,* legislative reaction to *Robinson* was swift. At its next session following announcement of the *Robinson* decision, the General Assembly, after considerable debate, amended § 3–2A–04(b) to add the mandatory extension language of subsection (b)(1)(ii)—that, in lieu of dismissing the claim, the panel chair must grant an exten-

sion of *not more than* 90 days for filing the required certificate if (1) limitations had by then run on the claim, and (2) the failure to file the certificate was neither wilful nor the result of gross negligence.

In *McCready,* the plaintiffs filed their claim on March 14, 1990, just a few days before limitations ran. When no certificate was filed within the 90–day period, the defendants moved to dismiss the claim. On July 3—111 days after the claim was filed—the plaintiffs requested a 90–day extension under § 3–2A–04(b)(1)(ii), alleging that limitations had run and that the failure to file the certificate was neither willful nor the result of gross negligence. They did not seek a "good cause" extension under § 3–2A–04(b)(5) or § 3–2A–05(j) and, indeed, offered no explanation for the default. HCAO took no immediate action on the request, but, following a hearing on October 17, the panel chairman dismissed the claim. No certificate had been filed, even at that point. The plaintiffs filed a complaint in the Circuit Court which, as in *Robinson,* was dismissed. The Court of Special Appeals reversed that judgment, but we affirmed it.

*McCready* gave us the opportunity to examine the relationship between the mandatory extension provision in § 3–2A–04(b)(1)(ii), on the one hand, and the good cause extension provisions in §§ 3–2A–04(b)(5) and 3–2A–05(j), on the other. We construed § 3–2A–04(b)(1)(i) and (ii) as intended to operate in tandem and thus, where the two conditions applied, to mandate an extension of 90 days, commencing not later than the end of the first 90–day period, even without a request. *Id.* at 510, 624 A.2d at 1255–56.[4] Once the 180 days had run, however, no further extension was permitted under § 3–2A–04(b)(1).

---

4. We did not take account of the prospect, in *McCready,* that an extension could be granted under § 3–2A–04(b)(1)(ii) for less than 90 days and simply assumed that the plaintiff was entitled to a 90–day extension. That erroneous assumption made no difference in *McCready.*

The good cause provisions in §§ 3–2A–04(b)(5) and 3–2A–05(j), we said, differ from the provision in § 3–2A–04(b)(1)(ii) in that, on the one hand, they require the claimant to establish good cause and do not permit an extension without such a showing, but, on the other, "are silent as to the timing of a request, and they do not expressly limit the length of any extension." *Id.* at 508, 624 A.2d at 1255. "Presumably," we added, "the length of the extension, if granted, would be based on the nature of the 'good cause' shown." *Id.*

There are two significant differences between *McCready* and this case. In *McCready*, the plaintiffs never sought an extension based on good cause and offered no good cause for the default, and, as noted, no certificate was ever filed with the HCAO. Although we concluded that the plaintiffs were entitled to an automatic 90–day extension under § 3–2A–04(b)(1)(ii), commencing on the 90th day following the date of the complaint, once that period expired without a request for further good cause extension, § 3–2A–04(b)(1)(i) became applicable and the claim was required to be dismissed.

Here, a timely request for extension was filed, on December 13. Although that request referenced "3–2A–04(ii)"—an incorrect reference, as no such section exists—it did offer a good cause explanation for the extension, which would not have been necessary for an automatic extension under § 3–2A–04(b)(1)(ii). The Director did not act on the request until January 11, when he granted an extension of 69 days, without indicating a commencement point. The order was facially ambiguous. As we have noted, if intended to run from December 14, 2001, the 69–day period would have expired February 21, 2002. If entered under § 3–2A–04(b)(1)(ii), it could not, in any event, extend beyond March 14—a fact that, in light of *McCready*, the HCAO Director must have known. If the 69–day period was intended to commence on the date of the order, which, in the absence of any provision suggesting the contrary, is more likely the case, that period would end on March 21. For such a commencement date to be valid, however, the order would have to have been entered pursuant

to § 3–2A–04(b)(5) or § 3–2A–05(j), based on an implicit finding of good cause.

 We expressly recognized that prospect in *McCready,* noting that "there could conceivably be instances where there might be 'good cause' to grant a request for an extension that was made after the initial ninety-day period in lieu of dismissing the claim." *McCready,* 330 Md. at 506 n. 5, 624 A.2d at 1254 n. 5. Indeed, §§ 3–2A–04(b)(5) and 3–2A–05(j) would have little or no meaning unless read to permit good cause extensions over and above the mandatory extension called for in § 3–2A–04(b)(1)(ii). In construing statutes, the paramount goal is to ascertain and carry out the intention of the Legislature. In that regard, when there are several statutory provisions dealing with the same subject, the courts must strive, if at all possible, to harmonize and read them together, so that each may be given effect. *See Balto. Gas & Elec. v. Public Serv. Comm'n,* 305 Md. 145, 157, 501 A.2d 1307, 1313 (1986) ("[A] provision contained within an integrated statutory scheme must be understood in that context and harmonized to the extent possible with other provisions of the statutory scheme"); *State v. Ghajari,* 346 Md. 101, 115, 695 A.2d 143, 149 (1997) (*quoting State v. Harris,* 327 Md. 32, 39, 607 A.2d 552, 555 (1992)) ("We presume that the legislature intends its enactments 'to operate together as a consistent and harmonious body of law.' "); *Carter v. Maryland Management,* 377 Md. 596, 613, 835 A.2d 158, 168 (2003) (same).

The several provisions at issue here may be read together without any difficulty. Recognizing the harshness of the penalty it has exacted for failing to file a certificate within the initial 90–day period, the General Assembly has provided three distinct, but complementary, escape valves. First, it has required that an extension of up to 90 days be granted if the conditions stated in § 3–2A–04(b)(1)(ii) are met. Second, in § 3–2A–04(b)(5) it has provided that an extension without any fixed statutory limit *shall* be granted by the Director or panel chairman for good cause shown. And finally, in § 3–2A–05(j),

it has allowed either of those persons to lengthen the time for filing the certificate, again without any fixed limitation.

Especially as the right to grant indeterminate extensions was enacted as part of the bill that imposed the requirement in the first instance, was stated twice in the law, and was not amended in the 1989 enactment, there can be no doubt that it remains fully intact. Notwithstanding a mandatory extension under § 3–2A–04(b)(1)(ii), the Director and the panel chairman retain the authority to grant a further extension, beyond 180 days from filing of the claim, upon a showing of good cause.

■ It is evident that the HCAO Director regarded his January 11 order as extending to March 21, for otherwise he would not (and under *McCready* could not) have granted a further extension under § 3–2A–04(b)(1)(ii). Although the arbitration process itself is not in the nature of an administrative remedy, HCAO is an administrative agency within the Executive Branch of the State Government (*see* CJP § 3–2A–03), and therefore its Director, in administering that office, acts as an administrative official. In reviewing the administrative decisions of the Director, we must afford at least the same deference that we afford to other administrative agencies in making discretionary decisions, including, in the absence of some clear indication in the record to the contrary, an assumption that the Director is aware of the law controlling his/her conduct and acts in conformance with it. We may therefore properly assume that the Director was aware of our pronouncements in *McCready* and regarded his January 11 extension of 69, rather than 90, days as one based on a finding of good cause and not as a mandatory one under § 3–2A–04(b)(1)(ii).

Upon this analysis, the request for further extension filed March 20, based on good cause, was timely. The HCAO Director did not act on that request until June 5, when he granted a 30–day extension, presumably commencing from the date of the order and thus implicitly including as well the period from March 21 to June 5. As the certificate was filed

on the last day of that period, it too was timely. The Circuit Court erred in dismissing the complaint.

JUDGMENT OF CIRCUIT COURT FOR MONTGOMERY COUNTY REVERSED; CASE REMANDED TO THAT COURT FOR FURTHER PROCEEDINGS; COSTS TO BE PAID BY APPELLEES.