959 A.2d 1191

**Lemuel Lindsay McGLONE, Jr.**

v.

**STATE of Maryland.**

**No. 116 Sept.Term, 2007.**

Court of Appeals of Maryland.

Nov. 13, 2008.

**548**

Julia C. Schiller, Asst. Public Defender (Nancy S. Forster, Public Defender, on brief), Baltimore, MD, for Appellant.

Edward Gregory Wells, Asst. Atty. Gen. (Douglas F. Gansler, Atty. Gen. of Maryland, on brief), Baltimore, MD, for Appellee.

ARGUED BEFORE BELL, C.J., RAKER*, HARRELL, BATTAGLIA, GREENE, MURPHY and DALE R. CATHELL (Retired, Specially Assigned), JJ.

GREENE, Judge.

On February 14, 1989, Lemuel Lindsay McGlone, Jr., appellant, was convicted by a jury in the Circuit Court for Montgomery County of various criminal offenses, including, of particular relevance to this case, use of a handgun in the commission of a crime of violence. For that particular conviction, McGlone was sentenced as a habitual offender, pursuant

---

* Raker, J., now retired, participated in the hearing and conference of this case while an active member of this Court; after being recalled pursuant to the Constitution, Article IV, Section 3A, she also participated in the decision and adoption of this opinion.

to Md.Code (1957, 1982 Repl.Vol., 1986 Cum.Supp.), Article 27, § 643B(c),[1] to 25 years incarceration without the possibility of parole. In June 2007, McGlone filed a motion to correct an illegal sentence, contending that his two prior convictions for crimes of violence should not have qualified as predicate convictions for an enhanced sentence because they neither occurred sequentially nor were separated by a term of confinement, as required by law. The Circuit Court denied the motion without a hearing and McGlone noted a timely appeal to the Court of Special Appeals. Prior to any proceedings in that court, we issued a writ of certiorari on our own initiative, *McGlone v. State*, 402 Md. 623, 938 A.2d 825 (2008), to consider the following questions:

1. Can two convictions that are not separated by a term of confinement qualify as two predicate convictions for purposes of sentence enhancement pursuant to Md.Code. Ann., Art. 27 § 643B(c)?

2. Is Md.Code. Ann., Art. 27 § 643B(c) ambiguous as to the requirement of sequentiality for two prior predicate convictions used for the purpose of sentence enhancement?

## BACKGROUND

### Procedural Background

On June 9, 1988, McGlone was indicted by the Grand Jury for Montgomery County for various crimes relating to his conduct in the manufacturing and distribution of PCP as well as his conduct in eluding law enforcement authorities during his apprehension on April 6, 1988. On February 14, 1989, in the Circuit Court for Montgomery County, McGlone was convicted of sixteen of the nineteen counts contained in the indictment filed against him, including the crime of use of a

---

**1.** Unless otherwise indicated, all subsequent statutory references herein shall be to Article 27, Md.Code. (1957, 1982 Repl.Vol., 1987 Cum. Supp.). Pursuant to the code revision process, § 643B of Art. 27 has since been repealed and re-enacted as Md.Code (2002, 2007 Supp. Vol.), § 14–101 of the Criminal Law Article. *See* 2002 Laws of Md., Chapter 26, § 1.

handgun in the commission of a crime of violence. The Circuit Court, pursuant to § 643B(c), sentenced McGlone to 25 years incarceration without the possibility of parole for the crime of use of a handgun in the commission of a crime of violence.[2]

On June 13, 2007, McGlone filed a motion to correct an illegal sentence, contending that his mandatory sentence for the crime of use of a handgun in the commission of a crime of violence was illegal because the "two predicate convictions" did not occur sequentially and were not separated by a term of confinement, as required by law. The trial court denied the motion on August 16, 2007. This appeal of the denial of the motion to correct an illegal sentence ensued.

### *Predicate Convictions Background*

On June 27, 1977, McGlone was indicted in New Jersey for eight criminal offenses relating to an armed robbery that occurred at the A & P Food Market in Lindenwold, New Jersey on May 19, 1977.

On December 5, 1979, while out on bond, pending trial in New Jersey, McGlone, along with an accomplice, broke into a People's Drug Store in Prince George's County, Maryland, and robbed the store clerk. McGlone was subsequently arrested and indicted in Prince George's County for three criminal offenses relating to the robbery. On June 19, 1980, McGlone pled guilty to one count of robbery and was convict-

---

2. On June 30, 1989, McGlone was initially sentenced to a total of 65 years incarceration through a combination of concurrent, consecutive, and suspended sentences. For the crime of use of a handgun in the commission of a crime of violence, McGlone was sentenced to ten years incarceration, to run consecutive with several other sentences. The sentencing judge, however, stated during the sentencing: "The court sentences Mr. McGlone pursuant to Article 27, § 643B(c) of the Annotated Code of Maryland with respect to *all* sentences that the court is going to impose in this case." Thereafter, McGlone filed a motion to correct an illegal sentence, arguing that the Circuit Court could only impose a § 643B(c) sentence on one crime of violence, not to his entire sentence. The State conceded that the Circuit Court imposed an illegal sentence. As a result, the Circuit Court, on September 24, 2002, struck McGlone's sentence and imposed a new sentence, which is the subject of the instant appeal.

ed by the Circuit Court for Prince George's County. He was sentenced to ten years incarceration.

On November 25, 1980, while serving the sentence for the Maryland conviction, McGlone pled guilty and was convicted in New Jersey of one count of robbery and one count of armed robbery relating to the June 27, 1977 incident. The New Jersey court sentenced McGlone to ten years incarceration for the robbery conviction, to run concurrently with the sentence McGlone was serving in Maryland. The New Jersey court also imposed a five-year sentence of incarceration for armed robbery; however, the five-year sentence was to run concurrent with the ten-year sentence.

## DISCUSSION

### I.

McGlone contends that the Circuit Court erred in denying his motion to correct an illegal sentence. Specifically, McGlone contends that his two prior convictions are not separated by a term of confinement and, therefore, cannot qualify as two predicate convictions for the purposes of sentence enhancement under § 643B(c). McGlone argues that this Court's decision in *Montone v. State*, 308 Md. 599, 613, 521 A.2d. 720, 727 (1987), requires that the "[t]wo convictions must be separated by an intervening term of confinement before they may each serve as a predicate conviction for the purposes of § 643B(b)." McGlone explains: "This requirement of intervening terms of confinement was necessary to enable an individual to have the opportunity to reform and rehabilitate in between the first and second convictions." He emphasizes that "concurrent sentences or concurrent terms of imprisonment are the antithesis of 'separate terms of confinement.'" McGlone then contends that this Court's analysis in *Montone*, regarding § 643B(b), is applicable in the case *sub judice* because we later stated, in *Minor v. State*, 313 Md. 573, 576, 546 A.2d 1028, 1029 (1988), "[a]lthough in *[Montone]* we were commenting on the operation of § 643B(b), our remarks are equally applicable to § 643B(c)." Therefore, McGlone asserts:

"As there was no intervening period of confinement between the sentence imposed in Maryland and the sentence imposed in New Jersey, [he] was denied the opportunity to reform and rehabilitate between the first and second convictions."

The State asserts that the Circuit Court properly denied McGlone's motion to correct an illegal sentence because McGlone's two prior convictions, which were incurred separately, and one term of confinement, which he served, qualifies him for sentence enhancement, pursuant to § 643B(c).

The State first disputes McGlone's reliance on *Minor* and *Montone*, arguing that he misinterprets the cases' holdings and ignores "precedent that squarely addresses the requirements for predicate offenses under § 643B(c)." Specifically, the State contends that "*Montone* was the interpretation of language used in § 643B(b), the so-called 'four strikes' statute," which is not related to § 643B(c). The State further argues that in *Montone*, the Court "deduced that the use of the terms 'separate' and 'terms of confinement,' revealed the General Assembly's intent to offer offenders an opportunity to rehabilitate themselves before 'locking them up and throwing away the key.'" The State maintains: "In light of the legislative intent, this Court held that a mandatory life sentence under § 643B(b) may be imposed, only after the offender 'shall have received three previous convictions,' and 'each conviction shall have been "separate" from the others.'"

Second, the State argues that McGlone's position ignores the plain language difference between §§ 643B(b) and (c). Specifically, according to the State, "§ 643B(c) does not mandate 'separate terms of confinement[;]' [rather,] the two convictions [must] be obtained on 'separate occasions,' and that the offender [must] have served 'at least one term of confinement.'" The State then points to *Garrett v. State*, 59 Md.App. 97, 474 A.2d 931, *cert. denied*, 300 Md. 483, 479 A.2d 372 (1984) and *Simpkins v. State*, 79 Md.App. 687, 558 A.2d 816 (1989), and contends that "the predicate offenses used for the purposes of sentence enhancement under § 643B(c) do not have to be separated by a term of confinement."

Third, the State maintains that McGlone's reliance on the language contained in two sentences in the *Minor* opinion to argue that the Court's interpretation of § 643B(b) applies equally to § 643B(c) is misplaced. According to the State, McGlone takes the two sentences out of context, because the passage that follows the two sentences "makes clear that this Court only meant that § 643B(b) and (c) require 'separate' convictions, as the [same] term applies to those particular subsections." Moreover, the State cites *Creighton v. State,* 70 Md.App. 124, 520 A.2d 382 (1987), and argues that "one subsection's provisions should not [be] 'superimposed' onto another." Therefore, the State concludes: "Accordingly, the plain language of § 643B(c) does not require that an offender's two felony convictions be separated by a term of confinement to qualify as predicates for sentence enhancement."

Prior to its recodification in 2002, § 643B(c) of Article 27 provided:

**Third conviction of crime of violence.**—Any person who (1) has been convicted on two separate occasions of a crime of violence where the convictions do not arise from a single incident, and (2) has served at least one term of confinement in a correctional institution as a result of a conviction of a crime of violence, shall be sentenced, on being convicted a third time of a crime of violence, to imprisonment for the term allowed by law, but, in any event, not less than 25 years. Neither the sentence nor any part of it may be suspended, and the person shall not be eligible for parole except in accordance with the provisions of Article 31B, § 11. A separate occasion shall be considered one in which the second or succeeding offense is committed after there has been a charging document filed for the preceding occasion.

In other words, in order for a defendant to be designated a habitual offender and receive a 25 year mandatory sentence under § 643B(c), the State must prove that (1) the

defendant has been convicted on "two separate occasions"[3] of a "crime of violence"[4]; (2) the two convictions arise from separate incidents; and (3) the defendant served at least one term of confinement as a result of a conviction of a "crime of violence." If the State proves these elements, the sentencing judge must sentence the defendant, at a minimum, to a term of confinement not less than 25 years without the possibility of parole.

The facts in the record are clear that McGlone was convicted on two separate occasions of crimes of violence. In addition, it is clear that the convictions arose from separate incidents. McGlone was first convicted of robbery on June 19, 1980, resulting from an incident in Prince George's County on December 5, 1979. McGlone's second conviction occurred on November 25, 1980. The underlying offense for the second conviction was the June 27, 1977, armed robbery of a store clerk in a New Jersey food store. Both convictions involved crimes of violence. *See* Md.Code (1957, 1987 Repl.Vol., 1989 Cum. Vol.), § 643B(a) of Article 27.

It is also clear from the record that McGlone has served at least one term of confinement. Both of McGlone's prior

---

**3.** A "separate occasion" is defined as "one in which the second or succeeding offense is committed after there has been a charging document filed for the preceding occasion." Md.Code (1957, 1987 Repl. Vol., 1989 Cum. Vol.), § 643B(c) of Article 27.

**4.** A "crime of violence" is explicitly defined at Md.Code (1957, 1987 Repl.Vol., 1989 Cum. Vol.), § 643B(a) of Article 27. It provides in pertinent part:

*"Crime of violence"*—As used in this section, the term "crime of violence" means abduction; arson; burglary; daytime housebreaking under § 30(b) of this article; kidnapping; manslaughter, except involuntary manslaughter; mayhem and maiming under §§ 384, 385, and 386 of this article; murder; rape; robbery; robbery with a deadly weapon; sexual offense in the first degree; sexual offense in the second degree; use of a handgun in the commission of a felony or other crime of violence; an attempt to commit any of the aforesaid offenses; assault with intent to murder; assault with intent to rape; assault with intent to rob; assault with intent to commit a sexual offense in the first degree; assault with the intent to commit a sexual offense in the second degree.

convictions resulted in sentences of ten years incarceration, though McGlone's second sentence of ten years ran concurrent with the first sentence.

McGlone, however, contends that because his two prior convictions were not separated by a term of confinement, he is not eligible for the imposition of the mandatory 25 year sentence. McGlone's relies on our decisions in *Montone* and *Minor* to support his contention. His reliance is misplaced.

In *Montone v. State, supra,* we examined § 643B(b), what has been identified as the "four time loser" sentencing provision, to determine whether Montone had been properly sentenced to life imprisonment pursuant to the habitual offender provision. Specifically, we decided whether a defendant had to be convicted of three separate crimes of violence and serve three separate terms of confinement stemming from convictions of crimes of violence in order to be eligible for a mandatory life sentence. We answered in the affirmative. In coming to that conclusion, we looked at the legislative purpose of this provision. We stated:

> [Section] 643B(b)'s purpose is not merely to punish. To interpret the statute's purpose as such would render the "separate" and "terms of confinement" requirements therein superfluous. If the legislature intended § 643B(b) merely to inflict more severe punishment upon someone who is a persistent offender, the legislature would have enhanced an individual's sentence any time he had previous convictions. Rather, in § 643B(b), the legislature not only requires that before being sentenced as an habitual offender, an individual shall have received three previous convictions, it requires that each conviction shall have been "separate" from the others. Moreover, § 643B(b) requires that the individual shall have actually *served* three separate terms of confinement in a correctional institution. Thus, the legislature's preoccupation with identifying those individuals incapable of rehabilitation and "locking them up and throwing away the key" is manifest. We cannot conclude otherwise.

308 Md. at 612, 521 A.2d at 721 (footnote omitted).

We then stated that the

[t]wo convictions must be separated by an intervening term of confinement before they may each serve as a predicate conviction for purposes of § 643B(b). This is so for two reasons. First, we would be thwarting the purpose of § 643B(b) if we allowed two convictions to count as two predicate convictions notwithstanding the fact that the individual was deprived of an intervening exposure to the correctional system. The purpose of § 643B(b) is to identify individuals incapable of rehabilitation and lock them up forever. The statute identifies these individuals by requiring that they have served "three separate terms" within the correctional system, followed by three separate opportunities to prove that they have reformed. When an individual receives two convictions without any intervening term of confinement, he has had no opportunity to reform between his first and second convictions. Thus, the second conviction says nothing about that individual's capacity for rehabilitation. Accordingly, this second conviction cannot serve as a predicate conviction under § 643B(b).

Second, § 643B(b) by its terms requires that two convictions shall be separated by a term of confinement before they may qualify as two predicate convictions. Otherwise the two convictions could not result in two *separate* terms *of confinement*" as the statute requires.

308 Md. at 613, 521 A.2d at 727.

McGlone urges this Court to read into § 643B(c) the concept of "separate terms of confinement." We decline the invitation. Our analysis in *Montone* does not apply in this case. The plain language of § 643B(c) does not mandate "separate terms of confinement," as § 643B(b) does; rather, § 643B(c) requires only that the offender serve "at least one term of confinement." Thus, a defendant need only serve *one* term of confinement and receive two convictions to satisfy the eligibility requirements for imposition of a mandatory sentence under § 643B(c). The required term of confinement may, therefore, occur after the first conviction, after the second conviction, or it may run concurrently with another sentence, as occurred in the case *sub judice,* without affecting

the offender's eligibility for an enhanced sentence. Indeed, this statutory requirement contemplates that a sentencing judge may exercise wide discretion in fashioning a defendant's sentence. *See State v. Dopkowski,* 325 Md. 671, 679, 602 A.2d 1185, 1189 (1992) (noting that the sentencing court has "virtually boundless discretion" in imposing a sentence).

In arguing that this Court's analysis in *Montone* is relevant to the outcome of the case *sub judice,* McGlone quotes the following two sentences from *Minor v. State, supra:* "We discussed the unique qualities of the Maryland habitual offender statute in *Montone v. State* .... Although in that case we were commenting on the operation of § 648B(b), our remarks are equally applicable to § 643B(c)." McGlone's reliance on this passage of the most ephemeral obiter dicta in *Minor* is misplaced. In *Minor,* we were reviewing the constitutionality of § 643B(c). In the opening paragraphs of the opinion, the Court stated:

> We discussed the unique qualities of the Maryland habitual offender statute in *Montone v. State,* 308 Md. 599, 521 A.2d 720 (1987). **Although in that case we were commenting on the operation of § 643B(b), our remarks are equally applicable to § 643B (c).** We said:
>
>> The Maryland statute requires more than merely "previous" convictions; it requires *separate* convictions. Moreover, the statute's scope is narrowed by the fact that it requires not only that an individual shall have received separate convictions, but that he shall have been sentenced to, and shall have *actually served,* [a term] of confinement under the jurisdiction of the correctional system.
>
> *Id.* at 606, 521 A.2d at 723 (Emphasis supplied).

313 Md. at 576, 546 A.2d at 1029. It is clear from the reading of the above-quoted passage that the Court's statement relating to the applicability of *Montone* to an analysis of § 643B(c) was confined only to the quoted *Montone* passage. The Court, in discussing *Montone,* was pointing out that §§ 643B(b) and (c) share two important requirements—one,

that the defendant have separate convictions for crimes of violence and, two, that the defendant have actually served the requisite number of terms of confinement for his/her crimes of violence.

McGlone attempts to utilize this negligible comment from *Minor* to engulf the entire analysis of the *Montone* case as applicable to an interpretation of a criminal sentence pursuant to § 643B (c). We reject this attempt. There is no indication, and we do not take the liberty to invent such indication, that the Court's entire analysis in *Montone* is applicable to sentences fashioned pursuant to § 643B (c).

■ Therefore, we hold that the plain language of § 643B(c) does not require intervening terms of confinement between the predicate convictions.

## II.

McGlone next contends that while § 643B(c) is ambiguous as to the requirement of sequentiality of the two predicate convictions, the Court of Special Appeals in *Garrett v. State*, 59 Md.App. 97, 474 A.2d 931 (1984), "imposed two separate requirements for a prior offense to count as a predicate conviction under § 643B(c)"—"the convictions must be separate and, in addition, sequential." Because McGlone's two prior convictions for crimes of violence were not imposed sequentially,[5] McGlone argues that these convictions cannot therefore serve as predicate convictions for the purpose of sentence enhancement under § 643B (c).

---

5. McGlone asserts that, in his case, "he committed offense number one, committed offense number two, was convicted for offense number two, and then convicted for offense number one." McGlone contends that prior convictions, to be considered as predicate convictions, must be obtained sequentially, that is, the defendant must be charged, convicted, and serve a period of incarceration for offense number one, prior to committing offense number two. In addition, McGlone contends that the defendant must be charged, convicted, and serve a period of incarceration for offense number two, prior to committing offense number three.

The State counters, asserting that the statute has been previously determined to be unambiguous in *Jones v. State*, 336 Md. 255, 647 A.2d 1204 (1994), and that "reasoning applies with equal force in this case." Specifically, the State argues that the plain language of § 643B(c), and the intermediate appellate court's interpretation in *Garrett*, requires only that the defendant's predicate convictions precede the commission of the offense upon which the § 643B(c) sentencing is based. The State continues: "McGlone cites no authority that interprets § 643B(c) to require that the prior convictions incur in the matter he suggests. . . . McGlone's strained interpretation of *Garrett* is wholly unsupported by the plain meaning of the statute."

In essence, McGlone asks us to read into § 643B(c) a sequentiality requirement. We decline to do so. We interpret the words enacted by the Maryland General Assembly; we do not rewrite the language of a statute to add a new meaning. *Kushell v. Department of Natural Resources*, 385 Md. 563, 576–77, 870 A.2d 186, 193–94 (2005) ("In construing the plain language, '[a] court may neither add nor delete language so as to reflect an intent not evidenced in the plain and unambiguous language of the statute; nor may it construe the statute with forced or subtle interpretations that limit or extend its application.' ") (citations omitted); *accord Magnetti v. University of Maryland*, 402 Md. 548, 564–65, 937 A.2d 219, 228–29 (2007).

The statutory provision at hand contains no language which implies that each predicate offense must be committed and a defendant convicted in the sequence which McGlone advocates—commit offense one, conviction for offense one, commit offense two, conviction for offense two. Rather, a plain reading of § 643B(c) suggests that the only explicit requirement concerning sequentiality is via the definition of "separate occasion." This definition mandates that a second or succeeding conviction may serve as a predicate conviction only when the underlying offense (giving rise to the second or succeeding conviction) occurred after a charging document has

been filed for the preceding predicate offense. *See* § 643B(c) ("A separate occasion shall be considered one in which the second or succeeding offense is committed after there has been a charging document filed for the preceding occasion."). We have said that when a statute defines a term, courts utilize that definition of the term when interpreting the statute. *See Chow v. State*, 393 Md. 431, 444, 903 A.2d 388, 396 (2006) (indicating that courts interpreting a statutory term initially determine if the legislature has defined the term; if the legislature has not, the court utilizes the common and popular meaning of the term). Therefore, under the plain language of § 643B(c), convictions of crimes of violence may be utilized as a predicate conviction under § 643B(c) even if they are not obtained in a "commit offense one—conviction for offense one—commit offense two—conviction for offense two" sequence. In other words, the court may utilize as a predicate conviction, a second or succeeding conviction for a crime of violence if the underlying offense (to that second or succeeding conviction) occurred prior to the first predicate conviction of a crime of violence, but after the filing of the charging document as to the first offense.

The immediate consequence of this Court interjecting McGlone's desired sequentiality requirement into § 643B(c) would be to render the General Assembly's definition of separate occasion unworkable and meaningless. To require that the second (or succeeding) predicate offense occur after the conviction of the first predicate conviction overrides the express standard set forth by the Maryland Legislature. Specifically, § 643B(c) only requires that the second or succeeding offense occur after the charging document in the first or proceeding offense has been filed.

■■■ In the case *sub judice*, McGlone was indicted for his first crime of violence on June 27, 1977. While out on bond, pending trial for that crime, McGlone committed his second crime of violence on January 9, 1978. Under the plain language of § 643B(c), McGlone's second crime of violence may be used as a predicate conviction because the underlying

offense for that conviction occurred after the charging document was filed for his first crime of violence. Therefore, we find no error in the sentencing judge's decision to sentence McGlone to a 25 year period of incarceration, pursuant to § 643B(c).

## III.

■■ We, therefore, conclude that McGlone's sentence under § 643B (c) is not illegal. McGlone was subject to an enhanced sentence, under § 643B(c), because, prior to this most recent conviction for a crime of violence, he had been convicted of two crimes of violence on two separate occasions, arising from two separate incidents, and had served at least one term of confinement within the correctional system for those convictions. Accordingly, we affirm the Circuit Court's imposition of a sentence of 25 years incarceration without the possibility of parole for McGlone's conviction of the crime of use of a handgun in the commission of a felony.

**JUDGMENT OF THE CIRCUIT COURT FOR MONTGOMERY COUNTY AFFIRMED. COSTS TO BE PAID BY APPELLANT.**

BELL, C.J., files a dissenting opinion joined by RAKER, J.

Dissenting Opinion by BELL, C.J., which RAKER, J. joins.

I disagree with the majority's holding that (1) the "plain language of § 643B(c)[1] does not require intervening terms of

---

1. Md.Code. (1957, 1982 Repl.Vol., 1987 Cum.Supp.) Art. 27., § 643B, which was in effect when this case was decided and, therefore, is referenced in this opinion, has been repealed and re-codified as Md. Code (2002, 2007 Supp. Vol.), § 14–101 of the Criminal Law Article. See 2002 Md. Laws of Md., Chapter 26, § 1. The Revisor's Note to that section states: "This section is new language derived without substantive change from former Art. 27, § 643 B(b) through (g) and the first sentence of (a)." Section 14–101 now provides:

"(d)(1) . . . on conviction for a third time of a crime of violence, a person shall be sentenced to imprisonment for the term allowed by law but not less than 25 years, if the person:

confinement between the predicate convictions." *McGlone v. State,* 406 Md. 545, 558, 959 A.2d 1191, 1198 (2008), and that (2) there is no requirement under the statute that, for the purposes of sentence enhancement, the predicate convictions must be imposed sequentially. 406 Md. at 559–61, 959 A.2d at 1199–1200. As this Court noted in *Jones v. State,* 336 Md. 255, 264, 647 A.2d 1204, 1208 (1994):

> "the penological objectives of statutes such as § 643B(c) which mandate the extended incarceration of recidivist criminals [are] to provide warning to those persons who have previously been convicted of criminal offenses that the commission of future offenses will be more harshly punished, and to impose the extended period of incarceration upon those who fail to heed that warning so as to protect society from violent recidivist offenders."

*See also, Gargliano v. State,* 334 Md. 428, 442–45, 639 A.2d 675, 682–83 (1994); *Jones v. State,* 324 Md. 32, 38, 595 A.2d 463, 466 (1991); *Minor v. State,* 313 Md. 573, 576, 546 A.2d 1028, 1029 (1988); *Hawkins v. State,* 302 Md. 143, 148, 486 A.2d 179, 182 (1985); *Garrett v. State,* 59 Md.App. 97, 118, 474 A.2d 931, 941, *cert. denied,* 300 Md. 483, 479 A.2d 372 (1984).

By interpreting § 643B(c) as requiring only that the defendant have served a term of confinement without regard to when, in relation to the other predicate conviction, the conviction as to which the confinement was imposed occurred, the majority disregards those objectives. And those purposes will not be, and, indeed, can not be, served unless the term of

---

(i) has been convicted of a crime of violence on two prior separate occasions:

1. in which the second or succeeding crime is committed after there has been a charging document filed for the proceeding occasion; and

2. for which the convictions do not arise from a single incident; and

(ii) has served at least one term of confinement in a correctional facility as a result of a conviction of a crime of violence.

(2) The court may not suspend all or part of the mandatory 25–year sentence required under this subsection.

(3) A person sentenced under this subsection is not eligible for parole except in accordance with the provisions of § 4–305 of the Correctional Services Article."

confinement was imposed as a result of a conviction that occurred after the offender had been given the opportunity to "heed" the warning the prior conviction represented and reform him or herself before the imposition of the mandatory minimum sentences the statute prescribes. In other words, for the sentence enhancement prescribed by § 643B(c) to be triggered, there must be not only separate convictions, but also sequentiality of those convictions and the one required term of confinement. Without these requirements, the rehabilitative purpose of the statute is in no way served.

## I.

In the case *sub judice*, McGlone was indicted for an armed robbery that occurred in May 1977 in New Jersey (offense # 1). While awaiting trial for offense # 1, McGlone was arrested in Prince George's County and charged with committing a robbery that occurred in January 1978 (offense # 2). McGlone was convicted of offense # 2 in June 1980 and sentenced to ten years incarceration. While serving his sentence for offense # 2, McGlone pled guilty to offense # 1, was convicted of that offense, and was sentenced to a ten year sentence, to be served concurrently with his sentence for offense # 2. Subsequently, in 1989, McGlone was sentenced in the Circuit Court for Montgomery County to twenty-five years incarceration without the possibility of parole, pursuant to § 643B (c) for use of a handgun in the commission of a crime of violence. The two robbery convictions, both occurring in the same year, but in a sequence different from that in which they were committed, are the predicate convictions that are the subject of the appeal before this Court.

When McGlone was sentenced in 1989, Article 27, § 643B(c) provided:[2]

---

2. Section 643B(c) provided in 1977, when McGlone committed his initial crime of violence:

"(c) Any person who (1) has been convicted on two separate occasions of a crime of violence where the convictions do not arise from a single incident, and (2) has served at least one term of confinement in

*"Third conviction of crime of violence.*—Any person who (1) has been convicted on two separate occasions of a crime of violence[3] where the convictions do not arise from a single incident, and (2) has served at least one term of confinement in a correctional institution as a result of a conviction of a crime of violence, shall be sentenced, on being convicted a third time of a crime of violence, to imprisonment for the term allowed by law, but, in any event, not less than 25 years. Neither the sentence nor any part of it may be suspended, and the person shall not be eligible for parole except in accordance with the provisions of Article 31B, §§ 11. A separate occasion shall be considered one in which the second or succeeding offense is committed after there has been a charging document filed for the preceding occasion."

McGlone argues that § 643B(c) should be interpreted to require that each predicate conviction be separated by intervening terms of confinement. He also argues that, since his convictions were not sequential, i.e. he committed offense number one, committed offense number two, was convicted for offense number two, and then convicted for offense number one, he, therefore, was improperly sentenced under § 643B(c). To test these premises, we must determine the meaning of

a correctional institution as a result of a conviction of a crime of violence, shall be sentenced, on being convicted a third time of a crime of violence, to imprisonment for the term allowed by law, but, in any event, not less 25 years. Neither the sentence nor any part of it may be suspended, and the person shall not be eligible for parole except in accordance with the provisions of Article 31B, § 11."

3. "Crime of Violence" was defined in § 643B(a) as:

"... abduction; arson; burglary; daytime housebreaking under § 30(b) of this article; kidnapping; manslaughter, except involuntary manslaughter; mayhem and maiming under §§ 384, 385, and 386 of this article; murder; rape; robbery with a deadly weapon; sexual offense in the first degree; sexual offense in the second degree; use of a handgun in the commission of a felony or other crime of violence; an attempt to commit any of the aforesaid offenses; assault with intent to murder; assault with intent to rape; assault with intent to rob; assault with intent to commit a sexual offense in the first degree; and assault with intent to commit a sexual offense in the second degree...."

§ 643B(c), which implicates the "cannons of statutory interpretation." *Chow v. State,* 393 Md. 431, 443, 903 A.2d 388, 394 (2006).

The cardinal rule of statutory interpretation is to ascertain and effectuate the legislative intention. *Id.*; *Kushell v. Dep't of Natural Res.,* 385 Md. 563, 576, 870 A.2d 186, 193 (2005). *See also Collins v. State,* 383 Md. 684, 688, 861 A.2d 727, 730 (2004). "Statutory construction begins with the plain language of the statute . . .," *Chow,* 393 Md. at 443, 903 A.2d at 395 (citation omitted), and may, indeed, end there.

The plain language of the statute is not interpreted in isolation, however. *Kushell,* 385 Md. at 577, 870 A.2d at 193. Rather, the statutory scheme of which it is a part must be analyzed, "as a whole and [the Court must] attempt to harmonize provisions dealing with the same subject so that each may be given effect." *Id.*; *Deville v. State,* 383 Md. 217, 223, 858 A.2d 484, 487 (2004); *Navarro–Monzo v. Washington Adventist,* 380 Md. 195, 204, 844 A.2d 406, 411 (2004).

If an examination of the plain language of the statute reveals that it is clear and unambiguous, the court, "will give effect to the statute as it is written." *Jones, supra,* 336 Md. at 261, 647 A.2d at 1207 (citations omitted); *Kushell,* 385 Md. at 577, 870 A.2d at 193. In that event, the "inquiry as to [the] legislative intent ends; we do not need to resort to the various and sometimes inconsistent, external rules of construction, for 'the Legislature is presumed to have meant what it said and said what it meant.'" *Chow,* 393 Md. at 444, 903 A.2d at 395 (quoting *Arundel Corp. v. Marie,* 383 Md. 489, 502, 860 A.2d 886, 894 (2004)) (citations omitted). On the other hand, "'[w]here a statute is plainly susceptible of more than one meaning and thus contains an ambiguity, courts consider not only the literal or usual meaning of the words, but their meaning and effect in light of the setting, the objectives and purpose of that enactment.'" *Fraternal Order of Police v. Mehrling,* 343 Md. 155, 174, 680 A.2d 1052, 1062 (1996) (quoting *Tucker v. Fireman's Fund Ins. Co.,* 308 Md. 69, 75, 517 A.2d 730, 732 (1986)).

In determining whether, or not, § 643B (c) is ambiguous, that section must not be viewed in isolation. It is necessary, rather, to consider the entire habitual offender statute. That means that § 643B(b), the so-called "four-time loser" provision, and § 643B(c), the so-called "three-time loser" provision, must be construed together and analyzed in relation to one another.

When McGlone was sentenced in 1989, Article 27 § 643B(b) provided, in pertinent part:

> "*Mandatory life sentence*—Any person who has served three separate terms of confinement in a correctional institution as a result of three separate convictions of any crime of violence shall be sentenced, on being convicted a fourth time of a crime of violence, to life imprisonment without the possibility of parole."

This Court, in *Montone v. State*, 308 Md. 599, 521 A.2d 720 (1987), considered and construed § 643B(b). In *Montone*, this Court held that the "three separate convictions of any crime of violence" requirement contemplated and required sequentiality of the predicate convictions [4]. We explained:

---

**4.** In so concluding, this Court accepted the construction that a number of states around the country gave their respective habitual offender statutes, noting:

"Most of those courts holding that the sequentiality of the predicate crimes is irrelevant do so after construing their statute as being intended as a punishment vehicle only. *See Watson v. State*, 392 So.2d 1274, 1279 (Ala.Crim.App.1980) (purpose of Alabama habitual offender statute is to 'prevent repetition and increase of crimes by imposing increased penalties upon repeat offenders'); *Washington v. State*, 273 Ark. 482, 621 S.W.2d 216, 218 (1981) ('Arkansas's ... statute was not designed to act as a deterrent ... but is simply a punitive statute....'); *Gimmy v. People*, 645 P.2d 262, 264 (Colo.1982)(purpose of Colorado statute is 'to punish more severely those who show a propensity toward repeated criminal conduct without regard to an opportunity between convictions for the defendant to reform'); *State v. Montague*, 671 P.2d 187, 190 (Utah 1983) ('the fair import of the statutory language suggests that its purpose is to do exactly what it does-make persistent offenders subject to greater sanctions')."

*Montone v. State*, 308 Md. at 611–12, 521 A.2d at 726.

The Court of Special Appeals discussed § 643B(c) in the context of the rehabilitative purpose of the statute in *Garrett v. State*, 59 Md.App.

"Section 643B(b) is unlike any other habitual offender statute in the country. The Maryland statute requires more than merely 'previous' convictions; it requires *separate* convictions. Moreover, the statute's scope is narrowed by the fact that it requires not only that an individual shall have received separate convictions, but that he shall have been sentenced to, and shall have *actually served*, three separate terms of confinement under the jurisdiction of the correctional system. Thus, the picture that emerges is one of a statute specifically designed to identify and target a unique class of people so that they may be permanently exiled from our free society. These are the violent criminals who have been exposed to the correctional system three distinct times, who have refused to conform their conduct to societal standards, and who, instead, have demonstrated violent criminal behavior after each encounter with the correctional system, thus evidencing the futility of any hope for their rehabilitation."

*Id.* at 606, 521 A.2d at 723. We further elucidated:

"Two convictions must be separated by an intervening term of confinement before they may each serve as a predicate

97, 474 A.2d 931, *cert. denied,* 300 Md. 483, 479 A.2d 372 (1984). The court stated:

"We therefore align ourselves with the great majority of States and conclude that in order for a defendant to be sentenced under § 643B(c), the two convictions serving as the predicate for the enhanced sentence must precede in time the commission of the offense upon which the instant conviction is based. Deterrence, rather than retribution, is the legislative intent we shall infer; and that ... requires that the instant offense-the one for which the enhanced punishment is imposed-be committed after the two predicate convictions."

*Id.* at 118, 474 A.2d at 941.

In light of our holding in *Montone,* albeit construing a different provision of this statutory scheme, the Court of Special Appeals' construction of the statute does not go far enough to serve its rehabilitative purpose. There should be a requirement in the imposition of § 643B(c) that the each predicate conviction occur in sequential order, meaning the offender commits offense # 1 and then is convicted and sentenced for offense # 1, the offender then commits offense # 2 and then is convicted and sentenced for offense # 2, finally the offender commits offense # 3 and becomes eligible for sentencing under § 643B(c).

conviction for purposes of § 643B(b). This is so for two reasons. First, we would be thwarting the purpose of § 643B(b) if we allowed two convictions to count as two predicate convictions notwithstanding the fact that the individual was deprived of an intervening exposure to the correctional system. The purpose of § 643 B(b) is to identify individuals incapable of rehabilitation and lock them up forever. The statute identifies these individuals by requiring that they have served 'three separate terms' within the correctional system, followed by three separate opportunities to prove that they have reformed. When an individual receives two convictions without any intervening term of confinement, he has had no opportunity to reform between his first and second convictions. Thus, the second conviction says nothing about that individual's capacity for rehabilitation. Accordingly, this second conviction cannot serve as a predicate conviction under § 643B(b)."

*Id.* at 613, 521 A.2d at 727.

Unlike section 643B(b), the plain language of which requires separate terms of confinement for each predicate conviction, § 643B(c), on the other hand, is silent on that point. McGlone argues nevertheless that, as held in *Montone* with regard to § 643B (b), it should be construed to require a separate and sequential term of confinement. He relies on *Minor v. State,* 313 Md. 573, 546 A.2d 1028 (1988). In *Minor,* this Court acknowledged that its analysis of § 643B(b) in *Montone* was equally applicable to § 643B(c), stating:

"We discussed the unique qualities of the Maryland habitual offender statute in *Montone v. State,* 308 Md. 599, 521 A.2d 720 (1987). Although in that case we were commenting on the operation of § 643B (b), our remarks are equally applicable to § 643B(c). We said:

'The Maryland statute requires more than merely 'previous' convictions; it requires *separate* convictions. Moreover, the statute's scope is narrowed by the fact that it requires not only that an individual shall have received separate convictions, but that he shall have been sentenced to, and shall have *actually* served, [a term] of

confinement under the jurisdiction of the correctional system.'

*Id.* at 606, 521 A.2d at 723 (Emphasis supplied).

"Section 643B(c) is designed to allow the prosecutor to seek an enhanced punishment against individuals who have demonstrated violent propensities on three distinct occasions. The penological objectives behind the extended incarceration of these individuals are to protect our citizens from violent crime and to expose these criminals to a prolonged rehabilitative process. *See Hawkins v. State,* 302 Md. 143, 148, 486 A.2d 179, 182 (1985)."

*Minor,* 313 Md. at 576, 546 A.2d at 1029.

McGlone argues, and I agree, that § 643B(b) and § 643B(c), should be construed together, the result of which, for internal consistency of the statutory scheme, would be that separate terms of confinement for each predicate conviction or, at the least, that the separate term of confinement follow a conviction that provides the offender with the opportunity for rehabilitation, is a requirement of § 643B(c).

The State argues that McGlone was sentenced properly pursuant to § 643B(c). In support of that argument, it relies on the clarity of the provision. Characterizing the language of the statute as plain and unambiguous, it notes that McGlone served a term of confinement and that his two prior convictions were separately incurred.

To be sure, § 643B(c) does provide that, "[a]ny person who (1) has been convicted on two separate occasions of a crime of violence where the convictions do not arise from a single incident, and (2) has served at least one term of confinement in a correctional institution as a result of a conviction of a crime of violence," is eligible for the mandatory minimum sentence of 25 years without suspension or parole, but the statute does not address the scenario where the predicate convictions are served concurrently, as in the case *sub judice.* Thus, § 643B(c), viewed by itself, clearly and unambiguously prescribes the number, and timing, of predicate convictions, as well as the requirement that a term of confinement be served

as a prerequisite to triggering the imposition of the mandatory minimum sentence. So viewed, however, the statute does not define, clearly or otherwise, the interplay, if any, there is between the predicate convictions and the mandated term of confinement. Although it is clear from an isolated reading of § 643B(c), that the predicate convictions must be separate, § 643B(c) does not address whether those convictions also must be sequential. But, as we have seen, § 643B(c) does not exist in isolation; rather, it is a part of a statutory scheme that addresses the habitual offender. Accordingly, it must be interpreted in that context. So doing, given the purpose of the habitual offender statutory scheme and the interpretation given one of the related provisions by this Court, I think it clear beyond cavil that § 643B (c), far from being clear, is quite ambiguous.

This Court has recognized that, "[v]ery often, a statute may be unambiguous in certain contexts but ambiguous in other contexts". *Price v. State*, 405 Md. 10, 30, 949 A.2d 619, 631 (2008); *See, e.g., BAA v. Acacia*, 400 Md. 136, 151, 929 A.2d 1, 9–10 (2007); *Bank of America v. Stine*, 379 Md. 76, 85, 839 A.2d 727, 733 (2003)("[a]n ambiguity may . . . exist even when the words of the statute are crystal clear. That occurs when its application in a given situation is not clear." (quoting *Blind Indus. & Servs. of Md. v. Md. Dep't of Gen. Servs.*, 371 Md. 221, 231, 808 A.2d 782, 788 (2002))). If the terms of a statute, "are ambiguous when [the statute] is part of a larger statutory scheme, [the statute] is ambiguous and we endeavor to resolve that ambiguity by looking to the statute's legislative history, case law, statutory purpose as well as the structure of the statute." *Md. Central Collection v. Jordan*, 405 Md. 420, 426, 952 A.2d 266, 270 (2008); *Barbre v. Pope*, 402 Md. 157, 173, 935 A.2d 699, 709 (2007); *Dep't of Health & Mental Hygiene v. Kelly*, 397 Md. 399, 419–20, 918 A.2d 470, 482 (2007); *Smack v. Dep't of Health & Mental Hygiene*, 378 Md. 298, 305, 835 A.2d 1175, 1179 (2003). This Court noted in *Jordan* that,

"[w]hen a statute is part of a larger statutory scheme, it is axiomatic that the language of a provision is not interpreted in isolation; rather we analyze the statutory scheme as a

whole considering the 'purpose, aim, or policy of the enacting body,' *Serio v. Baltimore County,* 384 Md. 373, 390, 863 A.2d at 952, 962 (2004); *Drew v. First Guar. Mortgage Corp.,* 379 Md. 318, 327, 842 A.2d 1, 6 (2003), and attempt to harmonize provisions dealing with the same subject so that each may be given effect. *Bowen v. City of Annapolis,* 402 Md. 587, 613–14, 937 A.2d 242, 258 (2007); *Magnetti v. Univ. of Md.,* 402 Md. 548, 565, 937 A.2d 219, 229 (2007); *Clipper Windpower, Inc. v. Sprenger,* 399 Md. 539, 554, 924 A.2d 1160, 1168 (2007)."

*Id.* at 426, 952 A.2d at 270.

Noting the ambiguity of § 643B(c), we must therefore, look at other avenues to interpret the statute, starting with the purpose of the statute[5] and including the analysis of the larger statutory scheme. I argue, and the State conceded at oral argument, that the purpose of the habitual offender statute, including § 643B(b) and § 643B(c), is two-fold: the first objective is to punish the offender, while the second purpose is to attempt to rehabilitate him or her. It is clear from the lengthy sentence that McGlone received that the first purpose of § 643B(c), i.e. punishment[6], is served. The second purpose of the statute, rehabilitation, under these facts, simply has not been engaged, never mind served. McGlone never had the opportunity to attempt to rehabilitate himself between convic-

---

**5.** The "bill enacting § 643B(c) (1977 Md. Laws, ch. 678), was directed primarily at a wholesale rewriting of the 'defective delinquency' law (Md.Code Ann. art. 31B) and the restructuring of [the] Patuxent Institution." *Garrett,* 59 Md.App. at 115, 474 A.2d at 939. While the legislative history in the enactment of the statute is less than extensive, its purpose was to, " 'provid[e] new and different alternatives for dealing with aggressive and violent offenders.' " *Jones,* 336 Md. at 264, 647 A.2d at 1208 (quoting Ch. 678, 1977 Laws of Maryland).

**6.** Under § 643B(c), once the predicate requirements for imposition of the sentence are met, the sentencing judge has no choice but to impose on the defendant the mandatory minimum sentence prescribed. *Taylor v. State,* 333 Md. 229, 232–33, 634 A.2d 1322, 1323 (1993); *State v. Taylor,* 329 Md. 671, 675, 621 A.2d 424, 426 (1993); *Loveday v. State,* 296 Md. 226, 236–37, 462 A.2d 58, 63 (1983).

tions one and two because these convictions were not separated by an intervening term of confinement.

As mentioned earlier, this Court has previously addressed and interpreted the habitual offender statute in *Montone.* Despite the fact that *Montone* discusses a different subsection than the case *sub judice,* the two subsections are both part of a larger statutory scheme which has the same dual purposes of punishment and rehabilitation. Indeed, as we have seen, Minor says, "[a]lthough in that case we were commenting on the operation of § 643B(b), our remarks are equally applicable to § 643B(c)." *Minor,* 313 Md. at 576, 546 A.2d at 1029. Montone notes that, "when an individual receives two convictions without any intervening term of confinement, he has had no opportunity to reform between his first and second convictions. Thus, the second conviction says nothing about that individual's capacity for rehabilitation." *Montone,* 308 Md. at 613, 521 A.2d at 727. In an attempt to harmonize the provisions of the habitual offender statute and following the analysis of this statute in *Montone,* § 643B(c) should be interpreted to require that each predicate conviction be separated by separate terms of confinement for the purpose of sentence enhancement. It makes no sense, in my opinion, to require otherwise.

McGlone also argues that because § 643B(c) is ambiguous, the rule of lenity[7] must apply to his case. This Court has stated that, "[f]undamental fairness dictates that the defendant understand clearly what debt he must pay to society for his transgressions. If there is doubt as to the penalty, then the law directs that his punishment must be construed to favor the milder penalty over a harsher one." *Robinson v. Lee,* 317 Md. 371, 379–80, 564 A.2d 395, 399 (1989) (citation omitted).

---

**7.** This rule was, "originally formulated by the United States Supreme Court as a principle of statutory construction." *Monoker v. State,* 321 Md. 214, 222, 582 A.2d 525, 529 (1990). When a statute is construed under the rule of lenity, it "means that the Court will not interpret a . . . criminal statute so as to increase the penalty it places on a defendant 'when such an interpretation can be based on no more than a guess as to what [the legislature] intended.' " *Id.* (citation omitted).

A proper application of § 643B(c) is consistent with the rule of lenity. Strictly construing it in favor of McGlone, therefore, each predicate conviction should have been separated by intervening terms of confinement and sequential, just as is the standard pursuant to § 643B(b) and this Court's holding in *Montone.*

## II.

For the foregoing reasons, I respectfully dissent with the majority's holding. Article 27, § 643B(c) has the umbrella of serving the dual purpose of punishment and rehabilitation of the offender, but in actuality, it is only a punishment tool as it is currently interpreted.

RAKER, J. has authorized me to state that she joins in this dissent.